THOMAS L. ALDRIDGE *et al.* Plaintiffs in Error, *vs.* THE
CLEAR CREEK DRAINAGE AND LEVEE DISTRICT *et al.*
Defendants in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 19, 1912.*

1. DRAINAGE—*facts essential to jurisdiction of the county court
must appear of record.* County courts derive their power to estab-
lish drainage districts solely from the statutes, and every fact essen-
tial to such jurisdiction must affirmatively appear of record when
the court's action is sought to be reviewed in a direct proceeding.

2. SAME—*petition must be such as law prescribes.* The condi-
tions upon which the creation of drainage districts has been au-
thorized by the legislature must be complied with and the petition
must be such as the statute prescribes.

3. SAME—*the law in force when petition was filed governs suf-
ficiency of a petition.* The sufficiency of a petition to organize a
drainage district must be tested by the law in force when the pe-
tition was filed.

4. SAME—*description of proposed ditches is an essential ele-
ment of a petition under the Levee act of 1885.* Under the Levee
act of 1885 (Laws of 1885, p. 108,) the petition must set forth a
description of the proposed starting point, route and terminus of
the work, and in the absence of such description the court is with-
out jurisdiction to organize the district or to sustain an order es-
tablishing the same. (*People* v. *Munroe,* 227 Ill. 604, and *People*
v. *Lingle,* 165 id. 65, distinguished.)

5. SAME—*writ of error is not barred by delay short of statu-
tory period.* Delay by land owners in a drainage district short of
the statutory period for prosecuting a writ of error does not bar
their right to such writ nor to a reversal for material errors, even
though a less delay was held to justify refusing leave to file an in-
formation in *quo warranto* in which they were relators, charging
the same errors in the organization of the district.

VICKERS, J., dissenting.

WRIT OF ERROR to the County Court of Union county;
the Hon. MONROE C. CRAWFORD, Judge, presiding.

R. J. STEPHENS, WILLIAM D. LYERLE, CHARLES C.
CRAWFORD, W. W. BARR, CHARLES FEIRICH, GILBERT &
GILBERT, and L. O. WHITNEL, (BLEWETT LEE, and W. S.
HORTON, of counsel,) for plaintiffs in error.

A. NEY SESSIONS, and JAMES LINGLE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the May term, 1908, the county court of Union county, in pursuance of a petition filed in that court for the organization and establishment of a drainage district with the corporate name of Clear Creek Drainage and Levee District, entered a final order declaring the district duly established as provided by law. The plaintiffs in error, some of whom were residents and others non-residents of the district, and who were either named in the original petition as owners of lands therein or were afterward brought into the proceeding as such owners, sued out a writ of error from this court to review the proceedings.

In the assignment of errors it is alleged, among other things, that the original petition was insufficient to confer upon the county court jurisdiction to organize and establish the district, and the reason given in the brief and argument is, that it did not meet the requirements of the statute. County courts derive their power to establish drainage districts from the statute, alone, and every fact essential to the jurisdiction must affirmatively appear from the record. (*Payson* v. *People,* 175 Ill. 267.) The General Assembly having authorized the creation of drainage districts upon certain conditions, they must be complied with and the petition must be such as the statute prescribes. (*Drummer Creek Drainage District* v. *Roth,* 244 Ill. 68.) The proceeding to organize this district was under what is commonly known as the Levee act, and the petition was filed on March 16, 1907. Its sufficiency, therefore, is to be tested by the act then in force. (Laws of 1885, p. 108.) Section 2 of that act provided what the petition should contain. It was to be signed by a majority of the adult land owners representing one-third in area of the lands to be

reclaimed or benefited, and was to be filed in the county court of the county in which the greater part of the lands to be affected by the drain or drains, ditch or ditches, levee or levees, or other work proposed to be constructed, maintained or repaired, should lie, "setting forth the proposed name of said drainage district, the necessity of the same, with a description of proposed starting points, route and terminus of the work and a general description of the lands proposed to be affected, with the names of the owners when known, and, if the purpose of said owners is the repair and maintenance of a ditch or ditches, levee or levees, or other work, heretofore constructed under any law of this State, said petition shall give a general description of the same, with such particulars as may be deemed important, and may pray for the organization of a drainage district, by the name and boundaries proposed, and for the appointment of commissioners for the execution of such proposed work according to the provisions of this act: *Provided,* that in case the proposed work shall consist of a combined system of drainage independent of levees, no description of such drains and ditches in the petition shall be required."

The petition filed in the county court in this case is as follows:

"We, the undersigned petitioners, respectfully petition and represent as follows: That we are adults and desire the establishment and organization of a drainage and levee district in the counties of Union and Alexander, in said State of Illinois, under the laws of said State pertaining thereto; that the greater part of the lands to be embraced in such district lie in the said county of Union; that said district is desired and needed for agricultural and sanitary purposes; that these petitioners constitute, in the aggregate, a majority, or more, of all the owners of lands embraced within said proposed district; that these petitioners own, in the aggregate, one-third, or more, in area, of all the lands embraced within said proposed district; that the ob-

ject of this petition and of the organization of said proposed district is for the purpose of constructing, repairing and maintaining a drain or drains, ditch or ditches, levee or levees, embankments and grades, for the purpose of draining and conducting the waters from the lands of said proposed district, and for constructing and maintaining a system of levees or embankments to protect said lands from the waters of the Mississippi river, or any streams tributary thereto, in said district, and to provide said proposed district with the necessary pumps, machinery and other apparatus for the purpose aforesaid; that said proposed district be organized and maintained by special assessment upon the property included therein, as provided by law; that the name of said district be 'Clear Creek Drainage and Levee District;' that the lands in said proposed district are low and swampy and not susceptible of cultivation for the reason that they are subject to overflow from the rains and inundation from the waters of the Mississippi river, and a large part of said lands are actual swamps, and that by reason of being low and wet lands, producing noxious weeds and plants, the growth and decay of which causes malaria and sickness, the said lands are a cause of unsanitary conditions, and that by a system of drainage and levees said lands can be brought into cultivation and will cease to be unsanitary; that the said district shall consist of the lands bounded and described as follows:" (Here follow a very lengthy description, by boundaries, of a large area of land in Union and Alexander counties and the signatures of ninety petitioners, with the number of acres of land owned by each.)

A paper filed with the original petition gives the names of alleged owners of land in the district, with the number of acres owned by each, amounting in all to 39,816.59 acres.

The purpose of organizing the district was stated to be, constructing, repairing and maintaining a drain or drains, ditch or ditches, levee or levees, embankments and grades,

but the petition gave no description whatever of proposed starting points, route or terminus of any drain or drains, ditch or ditches, levee or levees, embankments or grades. It amounted only to a request to the court to adopt and carry out an indefinite and uncertain scheme for which the statute gave no authority. The evident purpose of the statute was, that those who would be specially assessed to pay the costs of the improvement should know from the petition specifically what was proposed to be done, so as to form a judgment as to the necessity or propriety of the work and its advantages or disadvantages. It was not intended that some scheme or plan should be evolved and developed by commissioners under the management of the court, and the starting points, route and terminus of the proposed work and the location of levees, drains and ditches should be determined, without any basis in the petition other than a request to form a drainage district. The statute required that the petitioners should themselves propose, in general terms, a scheme or plan of the desired work. If drainage and levee work was proposed the commissioners were required to examine the lands and determine whether the starting point, route and terminus of the proposed work were in all respects proper and feasible, and if not, what would be so. They were not confined to the point of commencement, route or termini of the drains or ditches or the location, plan or extent of any levee as proposed by the petitioners, but might propose changes to be submitted to the court. Without any description in the petition they could not comply with the statute, and the description was an essential element of the petition.

Counsel for defendants in error say that the description of the work was sufficient under our decision in *People* v. *Munroe*, 227 Ill. 604, but in this they are mistaken. The statute authorized a proceeding to establish in a drainage district a combined system of drainage or protection from overflow independent of levees, and contained a proviso

(omitted from the present act) that if the proposed work should be of that character no description of the drains and ditches in the petition should be required. The petition in that case stated that the purpose was to establish and maintain a combined system of drainage and protection from overflow "independent of levees," and it was because the petition came within the terms of the proviso that it was held sufficient. The fact that the proviso was added excepting drainage districts where the scheme was for drainage independent of levees is well nigh conclusive that the description could not be omitted in an organization of other districts. Considering that exception from the general rule in connection with the proviso in section 3 that it should not invalidate the notice of the presentation and filing of the petition if no description of drains or ditches was given therein, there can be no other conclusion than that the description was intended to be a necessary and essential element of a petition.

Counsel further say that in the case just referred to the court followed the decision in *People* v. *Lingle,* 165 Ill. 65; that under the Local Improvement act the requirement that an ordinance should specify the nature, character, locality and description of the contemplated improvement was not jurisdictional. If the court had made such a decision it would not affect this case because that was a collateral attack upon a judgment, where only jurisdictional questions can be considered, while the writ of error in this case was sued out to review the proceeding and to determine whether errors were committed. But it was not decided that an ordinance not specifying in any manner the nature, character, locality and description of an improvement would confer jurisdiction. If an ordinance contains the necessary elements of description provided by the statute an objection that it is not sufficiently specific will not affect the jurisdiction, but it has never been held that an ordinance which merely provided that a sidewalk, sewer or other improve-

ment should be constructed within a certain territory would support a judgment confirming a special assessment, but the contrary was clearly implied in *Gross* v. *People,* 172 Ill. 571, and other cases.

It must be held that the petition in this case was lacking in an essential element required by the statute, and was therefore insufficient to authorize the court to proceed to the organization and establishment of a drainage district or to sustain the order establishing the same. The petition being insufficient, there is no occasion to consider errors assigned with respect to notices and subsequent proceedings.

The court was without jurisdiction for want of a petition complying with the statute, and its proceedings and order were void. It was not necessary that there should be any exception to the order. *Drummer Creek Drainage District* v. *Roth, supra.*

Some of the plaintiffs were relators in an information in the nature of *quo warranto* presented by the State's attorney of Union county to the circuit court with a request for leave to file the same, and the request having been refused, we held that the court, in the exercise of a discretion conferred by law in such cases, did not err in the refusal. (*People* v. *Rendleman,* 250 Ill. 289.) The plaintiffs in error include others who were not parties to that proceeding, but if the parties were identical the rule of law is not the same, and we cannot deny to the plaintiffs in error their right to a review of the proceedings, nor to a reversal on account of material error, because of any delay within the time allowed by the statute for prosecuting the writ.

The order of the county court is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Vickers, dissenting.