(No. 11643.—Reversed and remanded.)

JAMES LINGLE, Appellant, *vs.* THE CLEAR CREEK DRAINAGE AND LEVEE DISTRICT *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. DRAINAGE—*when drainage district continues as a de facto corporation after decision of Supreme Court that organization is invalid.* Where no steps are taken for the dissolution of a drainage district after a decision of the Supreme Court, upon appeal by land owners from the order establishing the district, that the organization is invalid, the district continues as a *de facto* corporation as to all parties except the land owners who appealed, and the commissioners and other officers must be regarded as still being in office for the purpose of closing up the business of the district, paying its debts and disposing of its property and suing and being sued.

2. SAME—*to secure right of way for ditches the district should proceed under Eminent Domain act.* The proper method of securing the right of way for ditches and assessing damages therefor is to proceed under the Eminent Domain act, and in a suit by creditor's bill to reach funds of the district set apart for such damages it will be presumed such procedure was followed.

3. SAME—*judgment for land taken in condemnation proceeding is not quod recuperet.* A judgment in a proceeding under the Eminent Domain act for compensation for property taken by a drainage district in the prosecution of its work is not a judgment *quod recuperet* but is an adjudication that the amount found was just compensation for the property sought to be condemned.

4. SAME—*money deposited with county clerk to pay compensation allowed in condemnation proceeding is not in custodia legis.* Where money is deposited with the county clerk, preliminary to entering upon the land condemned, to cover the amount found to be just compensation in a condemnation proceeding by a drainage district, the fund is not *in custodia legis* but remains the property of

the district, and may be reached by a creditor's bill when the district ceases to do business because its organization is held to be invalid.

5. SAME—*when fees and costs in condemnation proceeding can not be set off by county clerk against funds in his hands.* It is the duty of the county clerk to collect the fees and costs in a condemnation proceeding by a drainage district, but such collections belong to the county, and where there is no showing that the clerk's salary has not been regularly paid out of or received from other fees collected he cannot claim said fees and costs out of money which has been deposited with him by the district to pay the compensation allowed in the condemnation proceeding when a creditor's bill is filed to reach the fund in his hands.

6. DEBTOR AND CREDITOR—*filing a creditor's bill and service of process create a lien in equity in favor of judgment creditor.* A creditor who has reduced his claim to judgment and sued out an execution, which is returned *nulla bona,* and who files his bill and discovers equitable assets and property not subject to execution, acquires a priority of right, in equity, to have the same applied on his judgment.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Union county; the Hon. A. W. LEWIS, Judge, presiding.

A. NEY SESSIONS, (JAMES LINGLE, *pro se,*) for appellant.

GEORGE H. GREAR, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant, James Lingle, filed his bill in equity in the circuit court of Union county against the Clear Creek Drainage and Levee District, making appellee Charles L. Kimmel, county clerk of that county, a co-defendant, seeking to subject certain funds in the hands of Kimmel to the payment of a judgment which appellant had recovered in the circuit court of that county against the Clear Creek Drainage and Levee District. A default was entered as to the drainage district. Kimmel answered, denying that the drainage district had any right to employ the complainant or that any

sum was legally due him on account of such employment, and alleging said district was indebted to Kimmel on account of court costs accrued in proceedings carried on by said district in a sum in excess of the amount of money in his hands. A replication was filed to the answer, and the cause was tried before the court on the bill and answer and a stipulation of facts. A decree was entered dismissing appellant's bill for want of equity. On appeal to the Appellate Court for the Fourth District the decree of the lower court was affirmed. A certificate of importance and an appeal were granted by that court, and the cause is now in this court pursuant to such certificate and appeal.

The stipulation of facts was substantially as follows: That on May 28, 1914, complainant filed his suit at law and on the 23d day of June, 1914, recovered a judgment in the circuit court of Union county against the Clear Creek Drainage and Levee District for the sum of $6000 and costs of suit; that execution on said judgment against the property of the drainage district was thereafter duly isued and delivered to the sheriff of Union county within one year after the rendition of said judgment, and execution was thereafter by the said sheriff returned wholly unsatisfied, he certifying thereon that he could find no property in his county whereon to levy to make any part of the amount thereof; that said judgment remains in full force and effect and is wholly unsatisfied; that said bill is not exhibited in collusion with said drainage district or any other person; that Charles L. Kimmel, county clerk of Union county, at the time of the filing of complainant's bill herein, had in his possession and charge as such clerk the sum of $1128.20, which sum of money was on the 9th day of May, 1912, paid to him by the Clear Creek Drainage and Levee District for the purpose of paying certain judgments rendered in condemnation proceedings had in the county court of said county wherein said drainage district was petitioner and certain land owners in said district were defend-

281 — 33

ants; that there was at the time of the filing of this bill and at the time said money came into the hands of Kimmel as such clerk, due and owing to him from said drainage district, for fees and costs in and about the proceedings carried on in said county court by the drainage district prior to the time of payment of said money as aforesaid, a sum of money in excess of said sum of $1128.20, which fees and costs have not been paid in whole or in part, except the part hereinafter stated, but are due and payable to Kimmel, as such clerk, from the drainage district; that the only right, title or claim Kimmel has in or to said sum of $1128.20 is the alleged right to apply the same toward the payment of the fees and costs so due him as such county clerk; that on the 20th day of May, 1908, the county court of Union county declared and ordered the Clear Creek Drainage and Levee District to be a corporate body according to the statute in such case made and provided, and thereupon said court duly appointed certain persons as commissioners of said drainage district, who thereafter duly qualified as such commissioners, and said corporate body thenceforth assumed and took to itself all the powers, rights and privileges pertaining thereto; that on the 12th day of December, 1912, by the judgment and order of the Supreme Court the organization of said drainage district was declared invalid, whereupon such district ceased to transact business as a corporate body and ceased to exercise corporate authority, and the purpose for which said body was ·organized failed and was wholly abandoned; that said sum of $1128.20 theretofore paid to Kimmel as county clerk then remained in the hands of said clerk and was thereafter kept on deposit in his name in his official capacity, and since said suit has been commenced by the complainant herein, on the 18th day of June, 1915, said sum has been by said county clerk, at the suggestion of the State's attorney of said county, applied by him toward the payment of the fees and costs so due him as aforesaid; that said drainage dis-

trict is now, and was at the time of filing this bill, wholly insolvent; that Kimmel, by joining in this stipulation, does not waive or admit the validity or legality of the judgment obtained by the complainant against the drainage district, but all right to object to such judgment on the ground that the same could not be and was not legally obtainable at the time said suit was brought by the complainant against the drainage district is hereby reserved. There was no evidence except the foregoing stipulation as to the facts.

It is the contention of appellee Kimmel that appellant is not entitled to recover in this action for the following reasons: (1) That the drainage district had, as said appellee claims, been dissolved prior to the recovery of the judgment by appellant against the drainage district, and therefore in law it was dead and the judgment was a nullity; (2) that the fund sought to be reached was in legal custody and subject to the order of the court; and (3) that Kimmel was entitled to retain the money in his hands and apply the same in payment of the court costs and fees incurred by the drainage district in former proceedings in the county court. The judgment of the Appellate Court was based upon the second contention, although it was not set up as a defense in the answer.

As to the first point, the Clear Creek Drainage and Levee District was organized under the Levee act in 1908. The legal existence of the district was attacked by *quo warranto* proceedings in the circuit court of Union county and the petition for leave to file the information in *quo warranto* was denied by that court, and on error to this court the judgment of the circuit court was at the April term, 1911, affirmed. (*People* v. *Rendleman,* 250 Ill. 289.) Within three years from the time the order establishing the district was made, however, certain of the land owners who had resisted the organization of the district sued out a writ of error from this court to review the proceedings and order of the county court establishing the district, and at the De-

cember term, 1912, the order of the county court establish-
ing the district was declared void by this court for the rea-
son that the petition was defective in not describing the
route, termini, etc., of any ditch, drain or levee to be con-
structed. (*Aldridge* v. *Clear Creek Drainage and Levee
District*, 253 Ill. 251.) It does not appear from the record
that the mandate of this court after the judgment in the
*Aldridge case* was entered was ever filed in the county court
or any proceedings had, because of the judgment of this
court, to wind up the affairs of the district and dissolve the
same as a corporation. Apparently, after the decision of
this court the commissioners and other officers of the dis-
trict simply abandoned all of their functions in connection
therewith. The district, however, had been organized and
acting as such for more than four years. It had collected
money, had money and property on hand and had incurred
obligations. The judgment of this court only affected those
who had sued out the writ of error and their lands. As
to all who were not plaintiffs in error in this court and
their lands the order of the county court establishing the
district was in effect, and, as a matter of fact, if the lands
of those who were plaintiffs in error could have been left
out without materially affecting the rest of the district the
district could have proceeded with its work under the order
of the county court, and the land of all those within the
district, except those who had sued out the writ of error,
would have been subject thereto. Under the circumstances,
can it be said that because of the decision of this court the
district was from that time legally dead, incapable of suing
or being sued, and without any power to marshal its assets
and property, pay its debts and distribute its property to
the persons entitled thereto? It was at least a *de facto* cor-
poration. It was a *de jure* corporation until the decision
of this court in *Aldridge* v. *Clear Creek Drainage and Levee
District, supra.* The proceeding in that case was not a di-
rect proceeding by *quo warranto,* such as is required by

statute to end the district, but was a judgment in favor of
the plaintiffs in error in that suit, only. As to all others,
except those who had a right to question the validity of
the district and who might do so, the district remained
the same. Under section 114 of the Practice act, if the
transcript of the order of this court was not filed in the
county court within two years the cause is to be considered
as abandoned. This was the situation when appellant be-
gan his suit and secured his judgment at law against the
district. In *People* v. *Niebruegge,* 244 Ill. 82, we held that
a drainage district, while not strictly a municipal corpora-
tion, is a public corporation, which can cease to exist only
by legislative consent or pursuant to legislative provisions;
that mere non-user of its corporate powers for a period
of years does not work a dissolution of the district, and
that it can be dissolved only under authority of the act of
1889, providing for such dissolution. (Hurd's Stat. 1916,
chap. 42, par. 191.) As further pointed out in that case,
drainage commissioners duly sworn hold office until their
successors are sworn and qualified. So far, then, as any-
thing appears in this suit, the drainage district, as a corpo-
ration, was never dissolved in the manner provided by law
and was still in existence, and the commissioners and other
officers must be regarded as still being in office,—at least
for the purpose of closing up the business of the district,
paying its debts and disposing of its property and suing and
being sued. The drainage district itself has raised no ques-
tion as to the validity of the judgment. We think that the
objection to the judgment in this case is not well taken.

As to the second point, the money in the hands of Kim-
mel had been paid to him by the officers of the drainage
district in payment of certain judgments for damages and
for land taken in the prosecution of its work. The proper
method of securing the right of way for ditches and as-
sessing damages therefor is to proceed under the Eminent
Domain act, (*Hutchins* v. *Vandalia Levee and Drainage*

*District,* 217 Ill. 561,) and it is to be presumed this was done. If the judgment in each case was properly entered, as we assume it was, it was not a judgment *quod recuperet,* but an adjudication that the amount found was just compensation for taking the property sought to be condemned. (*City of Bloomington* v. *Miller,* 84 Ill. 621.) This money should have been paid to the county treasurer under the provisions of the Eminent Domain act, but the only effect of paying it to Kimmel, as county clerk, was to satisfy the amount found to be just compensation preliminary to entering upon the land condemned. As far as shown by the record this money was in no way subject to any further order of the court. There was no order for the court to make or anything for the court to do in the premises. The officers of the district could have abandoned the proceedings under the Eminent Domain act after the judgment had been rendered even if the district had continued its work, and after the decision of this court the district was treated as abandoned. If the district could not proceed with the work it would have no use for a right of way or land on which to dig the necessary ditches, and the money prematurely paid in for that purpose and in the hands of Kimmel, as it was not accepted and could not be accepted by the land owners, would still be the property of the district. The money was simply in the hands of Kimmel. If the organization of the district had not been adjudged void the parties in whose favor judgments had been rendered in the condemnation proceedings could have drawn the amount of their respective judgments without any further order of the court, or when they did not do so and under the peculiar circumstances of this case the money remained the property of the district, the officers of the district were entitled to it and no order of the court was necessary in either event. Under the circumstances, so far as shown by the record, the money in question was not *in custodia legis* and could be reached by the creditor's bill.

It remains to determine whether Kimmel has such an interest in or right to the funds in controversy that he can hold the same against the creditor's bill. The position of Kimmel is somewhat inconsistent, in that he claims that appellant cannot subject the money in controversy to legal process but that he (Kimmel) is entitled to hold it. He is, in effect, seeking to do what he claims appellant cannot do. The statement in the stipulation that at the time said money came into his hands there was due and owing to him as clerk, for fees and costs, a sum of money in excess of the sum paid in and held by him, is a mere conclusion, in connection with the further statement in the stipulation that the only right, title or claim that he has to said sum is the alleged right to apply the same towards the payment of the fees and costs so due him as county clerk. This stipulation was evidently intended to be based upon, and must be taken in connection with, the law governing the collection and application of costs and fees by clerks of courts. If this money was owing to Kimmel, or was, in effect, his money, he would doubtless be entitled to hold it. However, this was not the case. All that can be said in support of his contention on that point is, that the district had become liable for certain items of costs in the legal proceedings it had instituted. If the docket fees in the suits started were paid in advance, as required by law, it is difficult to see how the fees due Kimmel as county clerk could amount to the sum he claims. Said sum must have included all costs in the cases. The district was liable for these costs, and, in a proper proceeding, on the issuance of a fee bill could have been compelled to pay them. It is also the duty of Kimmel to collect them. Under the old law, when the clerk of the county court was entitled to retain as his property fees allowed by law, Kimmel might claim the fund by right of set-off. Under the present constitution (art. 10, sec. 10,) he receives a compensation fixed by the county board, payable out of the fees collected by him. All fees

collected by such officer in excess of his compensation go to the county. The fees and costs which are the basis of Kimmel's claim were earned and incurred before the district ceased doing business, or prior to December, 1912. He was elected to his present term of office in 1914. Whether he held the office before that time is not shown, but he does not claim that his compensation as fixed by the county board has not been regularly paid or received by him out of other fees collected. The fees and costs due from the drainage district, if collected, belong to the county and not to Kimmel. The money in his custody was originally paid to him as a trust fund. He would not be entitled to claim it by way of set-off against the claim of appellant.

The application of the money to the unpaid fees and costs was done on the day of trial. If Kimmel had no legal right of set-off he had no right to apply such funds after he was made a party in this suit. Filing a creditor's bill and service of process create a lien in equity in favor of the judgment creditor. (*Miller* v. *Sherry,* 2 Wall. 237; *Hallorn* v. *Trum,* 125 Ill. 247.) A creditor reducing his claim to judgment, suing out execution and returning the same *nulla bona,* and who files his bill and discovers equitable assets and property not subject to execution, acquires a priority of right, in equity, to have the same applied on his judgment. (*Talcott* v. *Grant Wire and Spring Co.* 131 Ill. 248.) We are of the opinion that appellant, under the pleadings and stipulation, was entitled to recover.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the latter court, with directions to enter a decree granting appellant the relief prayed in his bill.

*Reversed and remanded, with directions.*