(No. 12783.—Reversed and remanded.)

THE PEOPLE ex rel. Edson Cash et al. Defendants in Error, vs. FRANK C. WELLS et al. Plaintiffs in Error.

*Opinion filed February 18, 1920—Rehearing denied April 7, 1920.*

1. QUO WARRANTO—*quo warranto questions only jurisdiction in organizing drainage district.* In a proceeding by information in the nature of *quo warranto* attacking the organization of a drainage district, the only question for the circuit court is whether the county court had jurisdiction of the parties and of the subject matter of organizing the district, and if it had such jurisdiction the judgment entered cannot be reviewed, reversed or set aside except by appeal or on writ of error.

2. DRAINAGE—*land owners who file objections to petition and participate in hearing waive objections to notice.* In a proceeding for the organization of a levee drainage district, land owners who enter their special appearance and object to the jurisdiction on the ground of insufficiency of notice and also file objections to the petition and participate in a hearing on the merits, thereby submit to the jurisdiction of the court and waive the objections to the notice.

3. SAME—*record of organization of district must show requirements of statute.* The jurisdiction to organize a levee drainage district is conferred upon county courts by statute, and when the jurisdiction is questioned compliance with the requirements of the statute must appear from the record.

4. SAME—*petition need not contain every matter of detail in description of proposed district.* The purpose of the Levee act in requiring the petition to describe the proposed drainage district is that the land owners and those interested may ascertain from the petition the general nature of the work proposed to be done, so that they can form a judgment as to the necessity or propriety of the work; and the statute does not contemplate that every matter of detail shall be minutely set forth.

5. SAME—*when description of lateral drains is sufficient.* In a petition for the organization of a levee drainage district a general description of the lateral drains as tile drains so located that one of such drains shall commence at each property line nearest the head or source of each swale or valley requiring drainage and at the point of intersection of such property line with the lowest spot in such swale or valley, and thence across intervening lands along the valley to such one of the four particularly described main ditches as will naturally receive and carry off the water, is sufficient.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

D. T. SMILEY, for plaintiffs in error.

B. F. MANLEY, PAUL J. DONOVAN, and E. H. WAITE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the petition of the State's attorney to the circuit court of McHenry county leave was given to file an information in the nature of *quo warranto* requiring the plaintiffs in error, Frank C. Wells, Elmer Walter and William Desmond, to make answer to the people by what warrant they claimed to hold, use and enjoy the corporate powers, privileges, liberties and franchises of a supposed drainage district known as the Chemung Drainage District of McHenry county, in the State of Illinois, which they were alleged to have usurped. The defendants filed a plea setting forth at length the proceedings in the county court of McHenry county for the organization of the district, consisting of a petition to the court, the posting and publishing of notices for a hearing on the petition, a hearing by the court and a finding of all the necessary jurisdictional facts, and a judgment on March 20, 1916, declaring the district duly established as provided by law. The relators demurred to the plea and also filed a replication to a part of it, which was afterward withdrawn. The demurrer was sustained by the circuit court, and the defendants having elected to stand by their plea, the court entered judgment finding that the alleged drainage district had no legal existence and the defendants were guilty as charged in the information and ousting them from exercising the powers, privileges, liberties and franchises of a drainage district. A writ of error was sued out of this court to review the judgment.

In the proceeding by information in the nature of *quo warranto* the only question that could be considered by the circuit court was whether the county court had jurisdiction of the parties and of the subject matter of organizing the drainage district.  If it had such jurisdiction the judgment entered could not be reviewed, reversed or set aside except by appeal or on writ of error.  *People* v. *Waite,* 213 Ill. 421; *People* v. *Munroe, 227* id. *604; People* v. *Niebruegge,* 244 id. 82.

One ground of the demurrer was that the notices published and posted for a hearing on the petition were insufficient to give the court jurisdiction of the relators because the notices varied from the petition two days in the date of the act under which the district was proposed to be organized.  The relators entered their special appearance and objected to the jurisdiction, but they also filed objections to the petition and participated in a hearing of their objections on the merits.  An appearance for any other purpose than to question the jurisdiction of the court is a general appearance, and the purpose of notice being to inform the property owners and persons interested of the contemplated hearing, the relators having appeared to the merits, it is immaterial whether any notice was ever published or posted or what it was.  By their objections they asked for an exercise of jurisdiction by the court and could not at the same time say that they refused to submit to the jurisdiction.  *Nicholes* v. *People,* 165 Ill. 502; *McChesney* v. *People,* 178 id. 542; *Dickey & Baker* v. *People,* 213 id. 51; *People* v. *Smythe,* 232 id. 242; *People* v. *Chicago Title and Trust Co.* 261 id. 392; *People* v. *Bloomington Cemetery Ass'n,* 266 id. 32.

The jurisdiction to organize a drainage district is conferred upon county courts by statute, and when the jurisdiction is questioned the requirements of the statute must appear from the record.  (*Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251; *Drummer Creek Drainage Dis-*

*trict* v. *Roth,* 244 id. 68; · *People* v. *Darst,* 265 id. 354.)
It was the view of the circuit court that the petition, a
copy of which was set forth in the plea, did not contain all
the requirements of the statute and was not sufficient to
give the county court jurisdiction. The requirement of the
Levee act, under which the petition was filed, is, that it
shall set forth the proposed name of the drainage district,
the necessity of the same, the description of the proposed
starting points, routes and termini of the work and a gen-
eral description of the lands proposed to be affected. The
petition in question set forth a proposed district containing
8640 acres of land therein. described. It also described
with particularity the location of a main ditch, with a start-
ing point, route and terminus, and described three branch
ditches,—the West branch ditch, the Big Foot branch ditch
and the Lawrence branch ditch,—with the starting point,
route and terminus of each. There were specifications of
the bottom width, top. width, side slope and bottom slope.
from the starting point of each one of the ditches to the
outlet. No objection could be or is made to the descrip-
tion of these ditches, but the objection is to the description
of the lateral ditches draining the several tracts of land.
Following the minute and particular description of the main
and branch ditches, the lateral drains for local drainage
along such ditches were described as follows: "In addi-
tion to the above open ditches it is proposed to construct
lateral tile drains, constructed in such manner that one of
such drains shall commence at each property line nearest
the head or source of each swale or valley requiring drain-
age throughout said entire district which lies within the
watershed of said open ditches, and which property line
intersects said swale or valley at the intersection of such
property line with the lowest spot in such swale or valley;
thence across intervening lands along such swale or valley
to and terminating in whichever of the open ditches herein
specified would naturally receive and carry off the water

falling in such swale or valley or to and terminating in one of the tile drains herein specified leading to such open ditch, as the necessities of the situation may require. Each of said tile drains shall be constructed with a slope from its source to its terminus, and shall be of such size and laid at such depth as may be necessary to properly drain the land within the watershed draining to such tile. Said tile drains and open ditches shall be so constructed as to give each owner an outlet upon his or her own premises without being compelled to cross the premises of any other person with any tile drains he or she may wish to put in to complete the system of drainage in order to reach an outlet into said drainage system."

The purpose of the statute is that the land owners and those interested may ascertain from the petition the general nature of the work proposed to be done, so that they can form a judgment as to the necessity or propriety of the work and its advantages or disadvantages. It does not contemplate that every matter of detail shall be minutely set forth in the petition, and the statute is satisfied if the property owners can readily understand from the petition the general character of the proposed work. In *Stokes v. Bay Bottoms Drainage District,* 278 Ill. 390, it was considered that the cases of *Tennessee Drainage District* v. *Moye,* 258 Ill. 296, and *Wayne City Drainage District* v. *Boggs,* 262 id. 338, carried the particularity of description beyond the requirements of the statute and that a detailed, particular and meticulous description was not required. In the petition for the organization of this district the laterals were to be tile drains so located that one of such drains should commence at each property line intersecting each swale or valley at the point of intersection of such property line with the lowest spot in such swale or valley and thence across intervening lands along such swale or valley, terminating in such one of the four described ditches as would naturally receive and carry off the water. No further description

would have been of any benefit to any property owner. He would not be better informed as to the location of the tile drains if the petition should state what particular point of his property line was the lowest point of the swale or valley, when he could see it for himself. The petition was sufficient to give the court jurisdiction.

The judgment of the circuit court is reversed and the cause remanded, with directions to overrule the demurrer to the plea.        *Reversed and remanded, with directions.*