(No. 19167.—)
THE PEOPLE *ex rel.* John F. Goldsbery *et al.* Appellees, *vs.*
FRANK L. ZOLLER *et al.* Appellants.

*Opinion filed December 20, 1929.*

J. W. KERN, and C. G. HIRSCHI, for appellants.

ELMER O. FURROW, State's Attorney, H. ERNEST HUT-
TON, and ROBERT R. RODMAN, for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Upon the relation of certain highway commissioners
and private land owners an information in the nature of
*quo warranto* .was filed against respondents, Frank L.
Zoller, William H. Johnson and J. W. F. Crouch, as com-
missioners of a purported drainage district designated as
"Iroquois and Vermilion Drainage District of Iroquois and
Vermilion counties, Illinois." In the original information,
and four additional counts which were later filed by leave
of court, relators attacked, upon various jurisdictional
grounds, the organization of the district. In their pleas
respondents relied for justification upon the record of the
county court of Iroquois county, which had found and re-

cited that it had jurisdiction and had entered an order declaring the district duly organized. Replications were filed. From the resulting judgment of ouster after hearing by the trial court two of the respondents, Zoller and Johnson, have appealed.

At the hearing respondents introduced in evidence the records of the county court of Iroquois county and rested their case. They took the position there, as they do here as appellants, that the district appears of record to have been duly organized, that the record of the county court of Iroquois county is conclusive upon the question of the jurisdiction exercised by that court in organizing the district, and that it was improper to admit any evidence tending to contradict the jurisdictional recitals of such record. In view of the fact that the county court's finding that it had jurisdiction was in the very instance here in question based in one essential particular upon an affidavit which was later claimed by appellants themselves to have been in error, the danger and unsoundness of the doctrine thus contended for is evident as a matter of principle. However, counsel cite *People* v. *North Fork Drainage District,* 331 Ill. 68, *People* v. *Wells,* 291 id. 584, *People* v. *Waite,* 213 id. 421, and other cases which are claimed to support their contention. These cases lay down a number of settled principles, but they do not bear out the argument of appellants in the present case. In establishing drainage districts the county court derives its jurisdiction from the statute, alone. No presumption arises to support its action in any particular. (*Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251; *Drummer Creek Drainage District* v. *Roth,* 244 id. 68; *Payson* v. *People,* 175 id. 267.) The General Assembly having authorized the creation of such districts upon certain conditions, those conditions must be complied with in the manner prescribed by statute, else the court is without jurisdiction. (*Soldier Creek Drainage District* v. *Illinois Central Railroad Co.* 323 Ill. 350; *Wayne*

*City Drainage District* v. *Boggs,* 262 id. 338.) If these prescribed conditions are not, in fact, met, the court has no power to confer jurisdiction on itself by making a finding purporting to show that they were met. A recital of jurisdictional facts will not in itself render a judgment conclusive. (*Forsyth* v. *Barnes,* 228 Ill. 326; *Thompson* v. *Whitman,* 18 Wall. 457; *People* v. *Graham,* 280 Ill. 303; *People* v. *Seelye,* 146 id. 189.) Jurisdictional facts as to the organization of drainage districts can be inquired into by *quo warranto* proceedings. (*People* v. *McDonald,* 264 Ill. 514; *People* v. *Wells, supra.*) Consequently the trial court in the present proceeding committed no error in permitting evidence to be introduced challenging the jurisdictional findings of the county court of Iroquois county.

Appellees introduced evidence to the effect that there had not been a compliance with the provisions of the Levee act as to the giving of notice of the presentation and filing of the petition for organization of the district in the county court. It is provided by section 3 of this act (Cahill's Stat. 1929, chap. 42,) that after the petition prescribed by section 2 of the act is filed, "the clerk of said county court shall cause three (3) weeks' notice of the presentation and filing of such petition to be given, addressed 'to all persons interested,' by posting notice thereof at the door of the court house of the county or counties in which the district is situated, and in at least ten (10) of the most public places in such proposed district." The notice thus prescribed is the process by which the court acquires jurisdiction of the parties interested. It answers the place of a summons. (*Danaher* v. *Phillips,* 318 Ill. 204; *Pratt* v. *Harris,* 295 id. 504.) Unless at least ten notices were posted within the proposed district as thus prescribed the county court of Iroquois county had no jurisdiction to proceed in the matter.

The only proof submitted to the county court of Iroquois county as to the giving of notices was in the form

of an "affidavit of posting notices," executed by C. G. Hirschi. This document is before us as an original exhibit. It embodies a copy of a printed notice, which is signed by the clerk of the county court of Iroquois county, and which sets forth the starting points, routes, termini and general description of the work. The affidavit is to the effect that on the 14th day of November, 1924, Hirschi posted copies of the printed notice on the front door of the court house of Iroquois county, and also "in ten of the most public places within the boundaries of the said proposed drainage district, as follows." Then follows a description of these various places. The document was originally typewritten, but as it now stands it bears many changes and interpolations made with pen and ink in the portions which describe these places. One description bears changes and interpolations made with ink of two different shades. In four instances these pen and ink changes and interpolations have the effect of placing the notice in a different location altogether from that described by the affidavit in its original typewritten form. In one of these four instances the original typewritten words were: "One on a fence-post on the west side of the north and south public highway and 25 feet north of the southwest corner of section 4 in town 23 north, range 11 west of the second principal meridian." As the instrument stands, with the changes and interpolations, it reads: "One on a fence-post on the west side of the north and south public highway and 25 feet north of the southeast corner of section 4 in town 23 north, range 11 west of the second principal meridian, and west of the west line of the public highway running north and south along east line last aforesaid." It appears from the record that in its original typewritten form the description given in this latter instance fixed a point without the boundaries of the proposed district, whereas as it stands after the changes and additions it describes a point within the district limits.

This affidavit was sworn to on December 8, 1924. Below the jurat there appears in handwriting the following: "The foregoing affidavit as amended sworn to before me this 22d day of June, A. D. 1925.—Gilbert W. Skeeters, county clerk." The order of the county court of Iroquois county finding that notices were posted "in at least ten of the most public places in such proposed drainage district on the 14th day of November, A. D. 1924," was entered December 8, 1924, and the order declaring the district organized and appointing the respondents commissioners was entered December 13, 1924. Skeeters testified that the document was filed on December 8, 1924, and that there were no pen insertions on it when it was filed. The testimony shows that the changes were made under an order entered June 22, 1925, which stated that "leave is granted to said commissioners to amend the affidavit of posting notices made by C. G. Hirschi on the 8th day of December, A. D. 1924." It is certain that when the county court entered the order creating the district the document upon which it based its finding of jurisdiction was in its original typewritten form, and as it then stood it showed affirmatively that one of the ten notices had been posted without the proposed district.

Counsel for appellees contend that under these circumstances the purported orders finding jurisdiction and organizing the district were entered through fraudulent inducement and were for that reason void. It is more satisfactory to settle the question of jurisdiction upon the broader ground of whether ten notices were, as a matter of actual fact, posted as required by law. In this connection Hirschi testified on rebuttal that Harold Zoller, son of appellant Frank L. Zoller, was with witness on November 14, 1924, when he posted the notices, and that all ten of them were posted within the boundaries of the proposed district, describing the locations by references to roads, cross-roads and section lines. He testified on cross-examination that it was

a disagreeable day; that he had with him a crude map, which he drew from the description on the petition; that this map was not drawn from any atlas or map; that he did not then have the blue-print showing the district boundaries; that no roads were shown on the map; that at that time he was not familiar with the roads; that he did not mark down on the map, but on another slip of paper, the places where he posted notices; that when he made the affidavit he did not know about the location of the roads; that when he drew the affidavit he tried to put down where he thought he had posted the notices and supposed that the descriptions were correct, but when he saw the plat, knowing just how they went, he found that some were wrong; that possibly his affidavit showed three or four notices posted outside the district; that he didn't keep the crude map; that he didn't know whether he drew it correctly or not, but tried to; that it was not drawn to scale, and that he did not know whether it was drawn to show one section connecting correctly with another. Hirschi's testimony as to posting the notices was corroborated in a general way by that of Harold Zoller. On the other hand, Robert R. Rodman testified that on December 8, 1924, in company with appellee John F. Goldsbery, he went to the southwest corner of section 4, and there found, attached to a board along the road, a weather-beaten portion of a notice the same as that embodied in the "affidavit of posting notices," and that at the southeast corner of the section he could find no notice. Goldsbery testified to the same effect. William Newburn testified that about the middle of November, 1924, while in company with Joe Leslie, he saw a man whom he took to be Hirschi posting an Iroquois and Vermilion Drainage District notice at the southwest corner of section 4. Joe Leslie testified that he did not know Hirschi but saw a notice being posted at that corner.

The purported drainage district was as a whole very irregular in shape, and the line marking the southern boun-

dary was particularly so. This boundary line came within one thousand feet of the southwest corner of section 4, where, according to the affidavit as it originally stood, the notice in question was posted. It is not difficult to understand how anyone unfamiliar with the roads and possessing no more than a crude sketch based on a lengthy legal description, which could be delineated with any workable degree of accuracy only by adherence to exact scale, might suppose himself to be within the boundaries set out by the description, whereas, as a matter of fact, he would not be. Taking into consideration all the circumstances and testimony, we are of the opinion that appellees were amply supported in their contention that the statutory requirement of ten notices posted within the physical limits of the district boundaries was not met. This question was in issue, and the judgment of the trial court cannot be disturbed. *City of Quincy* v. *Kemper,* 304 Ill. 303.

Even admitting appellants' claim that the notice in question was actually posted at the location described in the affidavit as amended and was therefore within the physical boundaries of the purported district, it was only a little over two hundred feet from another of the ten notices claimed to have been posted. Accepting the affidavit as amended as well as the testimony of Hirschi, one of these two notices was within twenty-five feet of the extreme southeast corner of the district, the other within two hundred feet of the same corner. The district embraced some 2800 acres of land, extending over a territory of several miles. Through it in different portions ran several miles of roads. Whether such disposition of the notices could be held to meet the requirements of the statute is open to serious question. *Tennessee Drainage District* v. *Moye,* 258 Ill. 296.

Appellants insist that if there were any defects in the procedure of giving notice, their effect was of no moment because all of the relators were either present in court on

December 8, 1924, the date fixed by the notice, or had been notified by mail of the hearing on that date. That all were either present or had been so notified is disputed by appellees. The record shows no general appearance, and the order entered on that date indicates that the jurisdiction of the court was questioned by twelve persons. The failure to post in proper manner the statutory notices was not cured by any subsequent acts of the parties affected.

Evidence was introduced at the hearing to the effect that ten acres of land included in the petition for the organization of the proposed Iroquois and Vermilion Drainage District were already a part of the Hoopeston Drainage District, which had been organized in 1910. This proof was in the form of the record of the county court of Vermilion county showing the land in question as being annexed to the Hoopeston district and that it was ordered assessed along with other lands of that district. The petition in this class of cases is jurisdictional, and when it contains land included within an existing drainage district it is defective. *Soldier Creek Drainage District* v. *Illinois Central Railroad Co. supra; People* v. *Lease,* 248 Ill. 187; *People* v. *Crews,* 245 id. 318.

It is unnecessary to consider further respects in which the proceedings of the county court of Iroquois county are alleged to have been without proper jurisdiction.

The judgment of the circuit court of Vermilion county is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*