(No. 40090.—

THE PEOPLE *ex rel.* Dale Curtin *et al.,* Appellants, *vs.* DONALD HEIZER *et al.,* Appellees.

*Opinion filed January 19, 1967.*

HOWARD CLOTFELTER, State's Attorney, of Chester, SPRAGUE AND BOCK, of Belleville, and CONN AND CLENDENIN, of Sparta, for appellants.

ATCHISON & KOENEMAN, of Chester, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, the State of Illinois, on the relation of certain landowner-taxpayers, filed its *quo warranto* complaint in the circuit court of Randolph County contesting the validity of the organization of the Prairie Du Rocher Fire Protection District. Defendant district trustees answered, justifying their position by setting forth in full the records of the former county court of Randolph County establishing the fire protection district. The circuit court entered judgment in favor of defendants, holding that the district had been lawfully created and that they were properly holding positions as trustees. On appeal to the Appellate Court, Fifth District, the judgment was affirmed by a divided court. (71 Ill. App. 2d 6.) We have allowed plaintiff's petition for leave to appeal.

The pertinent portions of the statute governing the organization of fire protection districts (Ill. Rev. Stat. 1961, chap. 127½, par. 21) provided at the time of the organization of this district as follows:

"Whenever any territory is (1) an area of contiguous territory in a county, or in more than one, but in not more than 5 counties; (2) so situated that the destruction by fire of the buildings and other property therein is hazardous to the lives and property of the public; (3) so situated that the acquisition, establishment, maintenance and operation of a fire station or stations, facilities, vehicles, apparatus

and equipment for the prevention and control of fire therein will conduce to the promotion and protection of the health, safety, welfare and convenience of the public; (4) so situated that it does not divide any city, village or incorporated town; (5) so situated that such territory contains no territory included in any other fire protection district, the same may be incorporated as a fire protection district. Such districts may be incorporated under this Act in the manner following:

"Fifty or more of the legal voters resident within the limits of such proposed district, or a majority thereof if less than 100, may petition the county court of the county which contains all or the largest portion of the proposed district to cause the question to be submitted to the legal voters of such proposed district, whether such proposed territory shall be organized as a fire protection district under this Act; such petition shall be addressed to said county court and shall contain a definite description of the boundaries of the territory to be embraced in the proposed district, and the name of such proposed district and shall allege facts in support of such organization and incorporation.

"Upon filing any such petition in the office of the county clerk of the county in which such petition is made, it shall be the duty of the county court to fix a time and place for a hearing upon the subject of the petition.

"Notice shall be given by the county court to whom the petition is addressed, or by the county clerk or sheriff of the county in which such petition is made at the order and direction of the county court, of the time and place of the hearing upon the subject of the petition at least 20 days prior thereto by one publication thereof in one or more daily or weekly papers published within the proposed fire protection district (or if no daily or weekly newspaper is published within such proposed fire protection district, then either by one publication thereof in any newspaper of general circulation within said territory or by posting at least

10 copies of such notice in such district at least 20 days before such hearing in conspicuous places as far separated from each other as consistently possible), and by mailing a copy of such notice to the mayor or president of the board of trustees of all cities, villages and incorporated towns within such proposed fire protection district."

Plaintiff challenges the validity of the organization of the district on several bases, only one of which need be considered here.

It should be noted that plaintiff's *quo warranto* complaint constitutes a collateral attack upon the proceedings of the county court purporting to establish the district. As such, only jurisdictional defects in those proceedings may be reached, assertions of mere error being maintainable only by direct appeal. (*People ex rel. Cash* v. *Wells,* 291 Ill. 584, 586.) However, where, as here, the county court derived its jurisdiction to proceed in a matter solely from statute, ordinary presumptions of jurisdiction do not obtain, and every fact necessary to support such jurisdiction must appear from the face of the record. (*Gold* v. *Illinois Commerce Com.* 383 Ill. 11, 14; *People ex rel. Lange* v. *Old Portage Park District,* 356 Ill. 340, 344; *Keal* v. *Rhydderck,* 317 Ill. 231, 236. See also *Mamer* v. *Morrison,* 35 Ill.2d 133.) Language appearing in *People ex rel. Goldsbery* v. *Zoller,* 337 Ill. 362, 364-65, concerning the organization of drainage districts, is particularly instructive: "In establishing drainage districts the county court derives its jurisdiction from the statute, alone. No presumption arises to support its action in any particular. (*Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251; *Drummer Creek Drainage District* v. *Roth,* 244 *id.* 68; *Payson* v. *People,* 175 *id.* 267.) The General Assembly having authorized the creation of such districts upon certain conditions, those conditions must be complied with in the manner prescribed by statute, else the court is without jurisdiction. (*Soldier Creek Drainage District* v. *Illinois Central Railroad Co.* 323 Ill.

350; *Wayne City Drainage District* v. *Boggs, 262 id.* 338.)
If these prescribed conditions are not, in fact, met, the
court has no power to confer jurisdiction on itself by mak-
ing a finding purporting to show that they were met. A re-
cital of jurisdictional facts will not in itself render a judg-
ment conclusive. (*Forsyth* v. *Barnes,* 228 Ill. 326; *Thomp-
son* v. *Whitman,* 18 Wall. 457; *People* v. *Graham,* 280 Ill.
303; *People* v. *Seelye,* 146 *id.* 189.) Jurisdictional facts as
to the organization of drainage districts can be inquired
into by *quo warranto* proceedings. (*People* v. *McDonald,*
264 Ill. 514; *People* v. *Wells, supra.*)."

It is undisputed that the description of the proposed
district as set forth in the petition includes a portion of land
within the State of Missouri, commonly known as "Turkey
Island". This court has held in a number of cases that where
the petition for the formation of a municipal district in-
cludes within the description thereof land not properly sub-
ject to inclusion therein, it is fatally defective, and the court
has no power to act affirmatively thereon. (*People ex rel.
Goldsbery* v. *Zoller,* 337 Ill. 362; *Soldier Creek Drainage
District* v. *Illinois Central Railroad Co.* 323 Ill. 350; *People
ex rel. v. Bancroft* v. *Lease,* 248 Ill. 187; *People ex rel.
Smerdon* v. *Crews,* 245 Ill. 318.) Appellees argue, and the
appellate court held, that these cases are not controlling, for
they turn upon the principle that a petition for the forma-
tion of a municipal district is defective where it includes
land already within the boundaries of another such district.
Such is not the case here, as Turkey Island is within the
State of Missouri, over whose lands the Illinois courts have
no jurisdiction. However, this factual difference is not suf-
ficient to distinguish the cited cases in principle from the
situation existing here. The court in those cases held the
erroneously included lands were beyond the jurisdiction of
the court because already within other organized districts.
Here the erroneously included land is beyond the jurisdic-
tion of the court because it lies outside the State. But the

controlling principle is identical: The erroneous inclusion of lands beyond the jurisdiction of the court vitiates the proceedings. Nor can we accept the argument that the improperly included land in this case should be considered *de minimis. People* v. *Knapp,* 28 Ill.2d 239.

The judgment of the appellate court is reversed and the cause is remanded to the circuit court with directions to enter judgment of ouster.

*Reversed and remanded,*
*with directions.*