**In the Matter of a Petition to Annex Certain Territory to the Village of Willowbrook, DuPage County, Illinois.**

**Joan L. Green, et al., Petitioners-Appellants, v. George R. Lawrence, et al., Objectors-Appellees.**

**Gen. No. 11,603.**

Second District, First Division.

September 11, 1962.

Rehearing denied and opinion modified November 20, 1962.

 

Theodore W. Huszagh, of Chicago, for appellants.

Cummings & Wyman, of Chicago (Austin L. Wyman, Harold Engstrom and Kurt W. Teuthorn, of counsel), for appellees.

McNEAL, J.

The County Court of DuPage County entered a final order on October 30, 1961, finding that an amended petition of Joan L. Green, et al., to annex certain territory to the Village of Willowbrook was valid and in conformity with sections 7–1 to 7–6 of the Revised Cities and Villages Act. In a portion of the order the court also made final and appealable its orders dated September 28, 1961, granting George R. Lawrence, Hayden E. E. Barnard and International Harvester Company leave to file objections, and ordering petitioners to amend their petition so as to eliminate and exclude objectors' lands from the territory sought to be annexed. Petitioners appealed from the portion of the order granting objectors leave to file objections and excluding their lands from the territory to be annexed.

The territory sought to be annexed consists generally of an area about 330 feet wide extending along

the north line of and across the south half of the northeast quarter of section 24, T. 38 S., R. 11 E. of the 3rd p. m., together with a tract about 630 feet in width extending about 660 feet north from the west end of that area, and another tract about 400 feet in width extending about 1200 feet south from the east end thereof and along the east section line. The County Line Road runs north and south along the east section line and intersects the Plainfield Road near the northeast corner of the south half of the quarter section. From the intersection Plainfield Road extends diagonally and southwesterly across the territory involved. South of Plainfield Road the territory consists of a 15-acre tract belonging to International Harvester. Opposite the Harvester acreage Barnard owns a frontage of about 500 feet along the north side of Plainfield Road, and the Lawrence property is also on the north side of the road and west of the properties of the other objectors. All of objectors' lands are on the perimeter of the territory sought to be annexed, and the exclusion of such lands does not affect the contiguity of the remaining territory to Willowbrook.

The annexation petition was filed on April 14, 1961. On April 17 the county court set the petition for hearing on May 8, 1961, and directed that notice of the hearing be given by publication and that any interested person might file objections "not less than five days prior to the date" fixed for the hearing. On May 8 the court continued the matter of the annexation petition to May 31, 1961, and on the latter date objectors filed verified motions for leave to file objections.

Objectors' motions for leave show that although legal notices pertaining to proceedings pending in the courts of DuPage County are customarily placed in newspapers published in DuPage County, the notice of the annexation petition in this case was published

in the Chicago American on Saturday, April 22, 1961. In his supporting affidavit George R. Lawrence states that in April, Anthony Borse, President of the Village of Willowbrook, inquired of affiant whether he was interested in having his property annexed to the Village of Willowbrook; that Borse told him that the Village was considering annexation of all territory between its easterly boundary and the County Line Road; that he advised Mr. Borse that he was not interested in having his property become a part of Willowbrook; that on April 29 Lawrence's wife heard that an annexation petition was being circulated; that on May 1 Mr. Lawrence telephoned his neighbor, E. J. McCormick, one of the signers on the petition; that McCormick refused to answer any questions concerning the petition and referred affiant to Mr. Borse; that when Lawrence telephoned Borse, the latter said, "There is a petition; however we do not have nearly enough names or property on it and we are going to submit the question to a referendum vote"; and that Barnard and Lawrence had no notice of the petition until May 4, when the latter read a news item concerning the proposed annexation in the Hinsdale Doings.

In a previous proceeding the Village of Willowbrook sought to annex International Harvester land north of Plainfield Road. Harvester objected, and in discussions between its attorneys and attorneys who represent petitioners here and also represented Willowbrook in the former proceedings, it was arranged that Harvester sell its land north of the road to a buyer who agreed to annexation, and it was indicated then that the village had no intention to seek annexation of Harvester's land south of the road. Harvester's representatives say that they had no knowledge of the present proceedings until informed by counsel for other objectors, that notice of the previous annexation was published in a local newspaper, and

397

that publication of the notice of this proceeding in the Chicago American rather than in a local newspaper was designed to avoid and circumvent the true purpose of the statute with respect to notice.

When the motions for leave to file objections came on for hearing, the trial court heard and considered evidence. In their praecipe for record, however, appellants made no request that the evidence be included, and the only basis shown in the record for granting such leave is the findings and reasons set forth in the trial judge's memorandum opinion and order granting objectors leave to file objections.

The trial judge's opinion covers six pages in appellants' abstract and discloses careful consideration of the testimony and briefs submitted. In substance, the trial court concluded that Anthony Borse, president of the Willowbrook board, was active in having the annexation petition circulated and very much interested in having the annexation completed. Yet in his conversation with Mr. Lawrence, Borse sidestepped any direct answer to Lawrence's questions and did not tell him that the petition filed included his property. The court considered that Borse had a duty at that time to advise Lawrence of the petition and that Borse's answers were "somewhat half truths."

With reference to the publication of the notice in a Saturday edition of the Chicago American, the court said that there was testimony that some 65 copies of this paper were sold every day at the International Harvester plant, but the testimony further developed that the plant was closed on Saturdays and no newspapers were sold on that day. Continuing his opinion, the court concluded as follows:

"So, taking the date of the publication into consideration with other testimony in this case, it is apparent to the Court that there was a deliberate effort

on the part of the petitioner, the president of the Village and the attorneys for the Village to comply with the letter of the statute but to do so in such a manner that the possibility of the objectors here reading the notice in question would be very remote.

"I have considered in this conclusion the conversation between International Harvester Company and the Village officials prior to this annexation, where the Village officials knew the attitude of the International Harvester Company officials and the position they would take in an annexation. I have taken into consideration the testimony of the president of the Village, in telling the parties who signed the petition that they should not discuss the matter with anyone, so that the matter could be gotten through quickly and easily; and also the president's conversation with Mr. Lawrence at the time he attempted to secure information of the petition that had been filed.

"The question here comes up, then, can petitioners in this type of a case and in this case also the president of the Village, who took an active part in the circulation of the petition, take the steps and engage in the conduct that they did in order to have this annexation completed? I do not believe they can. I believe that such action amounts to a fraud upon the court, who is required to pass upon the sufficiency of the petition.

"The proceedings here with the court would indicate on the face that the statute had been fully complied with, but actually the compliance was accomplished in such a manner as to deprive certain persons of the notice contemplated by the statute, which amounts to a fraud upon the court and an indirect contempt calculated to establish and accomplish an end contrary to the spirit of the statute, the accomplishment of which would tend to obstruct, embarrass and prevent the due administration of justice. The

399

court will not be a party to such proceedings, and therefore it is the opinion of the court, although the notice may be valid as to the general public, since the cases clearly would indicate that this newspaper is a paper of general circulation, that the notice is void and of no effect as to the petitioners who have petitioned to file objections, namely the International Harvester Company, Dr. Barnard and the Lawrences.
. . .

"Therefore, for the foregoing resons, it is hereby ordered that leave be and the same is hereby granted to George R. Lawrence, Edith A. Lawrence, Hayden E. E. Barnard and International Harvester Company to file their objections in these proceedings."

Objectors moved to dismiss this appeal on the grounds: (1) that the issues presented have become moot because on January 16, 1962 the Village of Willowbrook adopted an ordinance annexing the territory described in the petition, as amended, and (2) that we have no jurisdiction to review this appeal because there is no authority under section 7–4 of the Revised Cities and Villages Act for an appeal from any order other than that determining the validity of the petition, or in the alternative, because the order granting them leave to file objections was entered on September 28, 1961, nunc pro tunc as of July 17, 1961, notice of appeal was filed on October 30, more than 60 days after July 17, and the attempt to incorporate the order granting leave in the final order entered on October 30, 1961, was of no effect. The motions to dismiss appeal were taken with the case.

 As to the second and alternative ground for dismissing appeal, section 7–4 provides that appeals shall lie from any final order of the county court as in other civil actions. In other civil actions the court may enter a final appealable order as to fewer than all of the parties or claims involved only upon an ex-

press finding that there is no just reason for delaying enforcement or appeal. Section 50(2) Civil Practice Act. In the absence of that finding the order granting objectors leave to file objections, whether entered in July or September, 1961, did not terminate the action and was not appealable. On October 30 the trial court expressly and properly incorporated his previous orders in the final order, and the previous orders then became appealable. In our opinion we have jurisdiction of this appeal on its merits and the question presented on appeal did not become moot upon the adoption of the ordinance annexing the lands owned by non-objectors. The motions to dismiss appeal are denied.

■ Appellants' theory on appeal is that since due notice of hearing on their annexation petition was given, the trial court had no discretion to permit objections to be filed after the "deadline" fixed by statute. They contend that the county court fixed May 8, 1961, as the date for hearing, as provided by section 7–2 of the Revised Cities and Villages Act, that under section 7–3 of the Act any interested person may file his objections "not less than five days prior to the date fixed for the hearing," and that in In re Petition to Annex Certain Territory, 33 Ill App2d 38, 178 NE2d 895, this court held that the time deadline fixed by the statute is mandatory and no objections may be filed thereafter.

■ Appellants argue that In re Petition to Annex Certain Territory supra, is "squarely in point both in its facts and the rule of law it lays down." We think not. That case contains no suggestion of fraud. Here the trial court found that there was a deliberate effort on the part of petitioners, the president of the village board, and the attorneys for the village to comply with the letter of the statute with respect to notice of the annexation petition, but to do so in such

a manner that the possibilty of objectors reading the notice would be very remote, that such action amounted to a fraud upon the court and an indirect contempt calculated to accomplish an end contrary to the spirit of the statute, and that the notice was void as to objectors. In substance the trial court refused to tolerate an abuse of its process, and in his opinion detailed ample facts and reasons for such refusal. Where the evidence upon which the court acted is not set forth in the record, we must presume that the omitted evidence was sufficient to sustain the findings below and to support the decision appealed from. 2 ILP 631, Appeal and Error Par 714; Smith v. Smith, 5 Ill App2d 383, 388, 125 NE2d 693.

■■■■ It is axiomatic that fraud vitiates everything. Lack of jurisdiction over the subject matter can be raised at any time, even after judgment, and it is not waived by failure to object in proper time. 14 ILP 177, Courts Par 24; 23 ILP 257, Judgments Par 168. There was no inconsistency in the court's determination that the notice was void as to objectors and their lands, and that the same notice was valid as to those who petitioned to have their lands annexed to Willowbrook, and urged no objections to annexation.

We conclude that the County Court of DuPage County correctly granted objectors leave to file objections, and that the order appealed from should be, and the same is hereby, affirmed.

Affirmed.

DOVE, P. J. and SMITH, J., concur.