People of the State of Illinois ex rel. Town of Richwoods, Peoria County, Illinois, a Body Politic and Corporate, Delbert M. Stone, et al., Plaintiffs-Appellants, v. City of Peoria, Illinois, a Municipality, Walter V. McAdoo, Jr., et al., Defendants-Appellees.

Gen. No. 66–75.

Third District.

March 7, 1967.

Rehearing denied April 17, 1967.

Kellstedt & Young, and Leiter, Newlin, Fraser, Parkhurst & McCord, of Peoria, for appellants.

Max J. Lipkin and W. McDowell Frederick, both of Peoria, for appellees.

 

CORYN, J.

This is an appeal from a summary judgment entered in favor of the City of Peoria in a proceeding in quo warranto by which Relator and certain Intervenors to the petition (hereinafter called petitioners) challenged the right of that municipality to exercise authority over certain territories described as being within Medina, Richwoods, and Kickapoo townships. The city answered the petition with the assertion that its authority derives from certain annexation proceedings initiated by municipal ordinance No. 7864, made pursuant to Ill Rev Stats, c 24, § 7–1–2 et seq., and approved as valid by order of the Circuit Court of Peoria County in cause No. 64 Z 2103, wherein the proposition as to annexation was thereafter submitted by special election, pursuant to order of said court, to the voters of the territory to be annexed, and whereupon, after a canvass of the returns, said court decreed that the proposition had carried. Certified copies of the proceedings in cause No. 64 Z 2103 were attached by the city to this answer. The reply of the petitioners admits the foregoing facts of "pretended" annexation of the area, but asserts that the aforedescribed proceedings are a nullity by reason of fraud and certain other defects which are alleged to be jurisdictional, as follows:

(a) Ordinance No. 7864, adopted by the city council pursuant to Ill Rev Stats, c 24, § 7–1–2, although decreed in cause No. 64 Z 2103 to be valid and in compliance with the requirements of ch 24, § 7–1–2, is not, in fact and law, a valid ordinance because it includes in the description of territories to be annexed, properties which are not contiguous to each other, and tracts as to which owner's consents were not obtained, and that said ordinance illegally fragmented a township; and

361

(b) after the ordinance was adopted and filed with the court, and after notice of hearing therein was given, the court, without authority, allowed an amendment to the description of the territory, and instead of dismissing the matter, thereafter erroneously proceeded, without further notice, to submit the question to a vote; and

(c) the canvass of the election returns made in No. 64 Z 2103, and the finding and order of the court therein that the proposition for annexation had carried is erroneous because persons not qualified to vote on the proposition were permitted to vote; because the territories described in the proposition on the ballot included tracts not contiguous to each other, so that the ballots of persons qualified to vote on the proposition as to only one of the tracts were counted also as to the other tracts; and because in its finding that the proposition for annexation had carried, the trial court considered only that a majority of the electors who voted were in favor of the proposition, whereas the statutory standard requires that the issue be approved by a majority of the electors in the territory.

Petitioners attempted to invoke the jurisdiction of the Supreme Court for a direct review upon the asserted grounds that constitutional questions regarding rights to free elections and the separation of legislative and judicial powers are presented. That court adjudicated that no such questions are presented, that jurisdiction for a direct appeal to the Supreme Court is lacking, and, therefore, transferred the cause here. We are of the opinion that the primary issues presented for our review are: (a) whether the validity of the annexation proceeding, under the circumstances herein, is open to attack in quo warranto; and (b) if so, whether petitioners,

or any of them, have the right to bring such an action; and (c) if so, whether the pleadings attacking the validity of the annexation sets forth matters which are legally sufficient, if true, to invalidate it, or, to put it conversely, whether the city's plea of justification is sufficient in law; and (d) if so, whether any genuine issue of fact is thereby presented.

 It is settled law, we think, that quo warranto is an appropriate remedy to effect a direct attack upon the validity of municipal annexation proceedings. See 18 ALR2d 1255. Such a proceeding in quo warranto, however, raises only the question of whether, by reason of a total absence of power or jurisdiction, the annexation is a nullity. It is not the office of that remedy to provide a vehicle for reviewing merely the regularity of an exercise of vested power where fully adequate means of direct review of that issue are provided. People ex rel. Cash v. Wells, 291 Ill 584, 126 NE 575. The city, as a plea in justification, has set forth here the judicial proceeding in cause No. 64 Z 2103 as the basis for its asserted authority. The reply makes it plain that petitioners believe this plea of justification insufficient, and that it is incumbent upon the city to prove by affirmative evidence the further factual issue of whether ordinance No. 7864, by which the annexation proceedings were initiated, both in fact and in law, complies with the statutory requisites from which the power of annexation derives. The trial court disagreed with this proposition of the petitioners, and so do we.

 An examination of the rationale in cases where the use of quo warranto to attack annexations has been discussed, warrants a distinction between instances where the proceedings used were purely legislative in character, and instances where the annexation is effected by judicial act. In the first instance, it is not enough for the municipality, in order to establish justification,

to plead and prove only its own official acts by which the annexation was purportedly effected, but it must prove also by affirmative evidence that all the circumstances imposed by statute, as a prerequisite to the valid exercise of that power, were present. The reason for this requirement in the case where the annexation was effected purely by a legislative act is made apparent from the case of People v. City of Peoria, 166 Ill 517, 46 NE 1075. The challenged annexation in that case was initiated and concluded by a municipal ordinance which made certain findings of fact to the effect that a petition for annexation presented to the council complied with the requirements of statute, and on the basis of that finding, the disputed territory was therein recited to be annexed. The People replied to the City's plea of justification by alleging that the petition of owners and legal voters to the City for annexation, which the council found to be in proper form, and from which it derived its power to act, was not in fact signed by three-fourths of the legal voters residing within the described territory. In holding that the City did not prove a justification merely by presenting the documentary evidence of its official acts whereby the annexation was effected, the Supreme Court at 166 Ill 517, 526, 46 NE 1075, stated:

> "As a prerequisite to the passage of the ordinance annexing the territory, the city council was authorized to ascertain the facts which constituted the statutory conditions upon which it could exercise the power, but this finding of such facts and recital of them in the ordinance are not evidence of their truth when the corporation is called upon by the State itself to answer by what authority it has assumed jurisdiction over the territory in question. To so hold would be tantamount to holding that it was justified in annexing the territory be-

cause it had concluded that the conditions existed under which it had the lawful right to annex it and had annexed it,—in other words, that the City was justified in annexing the territory because it had itself so decided."

Thus, in that case, by quo warranto, the City was required to go behind the recitations in its ordinance, and by affirmative evidence, show that the facts which the ordinance found to be true, and the truth of which gave rise to the power of annexation, were in fact true.

In the case at bar, the plea of justification does not assert that the City's right of annexation derives merely from its own legislative determination that it has such authority. It asserts, to the contrary, that the annexation was made by right of a judicial determination of the City's power to do so in Circuit Court cause No. 64 Z 2103. The jurisdiction of the Circuit Court to have adjudicated those issues in Cause 64 Z 2103 did not arise from or depend upon the correctness of any findings made by the city council in ordinance No. 7864, but from the statute itself, which recites not only that the Circuit Court shall have the power to determine the validity of the municipal ordinance, but that its decision in that proceeding, on that question, shall be a final and appealable order. (Ill Rev Stats, c 24, § 7–1–4 (1963).) Thus, the Circuit Court, in cause No. 64 Z 2103 plainly had jurisdiction to adjudicate the question of the validity of ordinance No. 7864, and such determination constituted a final and appealable order. When that court, in No. 64 Z 2103, declared the ordinance valid and proceeded with the annexation referendum, the provisions of the Election Code (i. e., Ill Rev Stats, c 46, § 28–3) became applicable (Ill Rev Stats, c 24, § 7–1–7), and the Election Code, at § 23–24, permits an election contest of the results of an election on a public question to be brought by any five electors to whom the proposi-

tion was submitted, from which judicial determination a right of direct review exists. To require the city in this proceeding to go behind the adjudications in cause No. 64 Z 2103, and to prove again here the issues it has already proved there, would require us to ignore the express language of the statute (Ill Rev Stats, c 24, § 7–1–4) that adjudications made in proceedings such as those in 64 Z 2103 are to be final and appealable, and in effect would allow, by a collateral proceeding, a de novo review of another adjudication. We are satisfied that quo warranto is not appropriate for that purpose, and that the City's plea of justification here was sufficient in law, and that the truth of the matters asserted in that plea being admitted, no triable issue of fact was presented, and that the judgment of the Circuit Court was, therefore, correct. While there may be some instances where quo warranto would be considered an appropriate means for reviewing a judicial determination, or the results of an election, we are of the opinion that it is not appropriate where, as here, fully adequate means of direct review are provided, and where the remedy of an election contest is afforded, not merely to a losing candidate, but, in instances of an election on a public question, to members of the public as well.

In view of our determination, we conclude that it is also unnecessary that we should consider other alleged errors. The judgment of the Circuit Court is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.