In the Matter of the Annexation of Territory to the Village of Palatine, Illinois.

Josephine West, et al., and The City of Rolling Meadows, Objectors-Appellants, v. Leon A. Kotowski, et al., Petitioners-Appellees.

Gen. No. 51,205.

First District, First Division.

May 15, 1967.

Donald M. Rose, Moriarty, Rose & Faccenda, of Chicago, and DiLeonardi & Hofert, of DesPlaines, for appellants.

Wooster & Mugalian, Charles C. Wooster and Richard A. Mugalian, of Chicago, for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an annexation of territory proceeding, in which a group of landowners petitioned for the annexation of approximately 25 lots and portions of adjacent public streets to the Village of Palatine. After the entry of an order directing that the question of annexation "be submitted to the corporate authorities of the Village of Palatine for final action," the trial court denied as untimely subsequent petitions for leave to file objections to the annexation of two and one-half of the subject lots. The prospective objectors appeal.

On November 15, 1965, a petition was filed in the Circuit Court of Cook County, requesting that territory described therein be annexed to the Village of Palatine. The petition requested that the court submit the question of the annexation to the corporate authorities of the Village, and "that said judge enter an order fixing the time for the hearing upon this petition pursuant to the statute in such case made and provided." The petition bore thirty-five signatures and the affidavit of one of the petitioners that the signatures represented a majority of the property owners of record and the owners of record of more than 50% of the land in the territory described, and a majority of the electors of the territory therein described. In addition to the legal description of

the territory sought to be annexed, the petition included a "map of land proposed to be annexed."

On December 14, 1965, the annexation petition was heard by the court. After making a number of findings, which included that the annexation petition conformed "to Article Seven of the Illinois Municipal Code (Ill Rev Stats, Chapter 24, Article 7)," the court ordered "that the question of annexation of the above-described territory be submitted to the corporate authorities of the Village of Palatine for final action."

On December 21, 1965, the City of Rolling Meadows filed a petition to set aside and vacate the order of annexation entered December 14, 1965, and that leave be given to file objections to the petition for annexation. The petition alleged that on December 20, 1965, the attorney for the petitioner became aware for the first time that the petition for annexation was pending; that on September 28, 1965, an ordinance was adopted by the City of Rolling Meadows annexing a portion of the property described in the annexation petition; that on November 23, 1965, a subsequent ordinance was adopted by the City of Rolling Meadows concerning the same property, with the required statutory notice to the "Palatine Rural Fire Protection District," because the ordinance of September 28 had been adopted without the required notice; that a copy of the ordinance of September 28, 1965, had been recorded as Document No. 19612569, and a copy of the ordinance adopted November 23, 1965, had been recorded as Document No. 19664932. The petition also stated "that the alleged annexation by the Village of Palatine of the properties already annexed to the City of Rolling Meadows is done with notice of the fact that certain portions of the property are already within the corporate boundaries of the City of Rolling Meadows and that any alleged annexation of the said properties would be a nullity."

8

The Rolling Meadows petition included copies of the ordinances and an affidavit of Mathew K. Szygowski, in which it is stated that on November 10, 1965, he deposited a special delivery letter, return receipt requested, addressed "to the Board of Trustees, Palatine Rural Fire Protection District, care of Otto Goebbert, 835 W. Rand Road, Arlington Heights, Illinois," and the return receipt indicated delivery of the letter on November 12, 1965. The affidavit includes the legal description of the land which was the subject of the notice and further states: "4. That the said notice was served upon the Board of Trustees, Palatine Rural Fire Protection District pursuant to Chapter 24, Article 7, Division 1, Section 1 of the Illinois Revised Statutes and advised the said Rural Fire Protection District that the property hereinafter legally described would be annexed to the City of Rolling Meadows, and that the said property was within the corporate boundaries of the Palatine Rural Fire Protection District."

On December 27, 1965, an order was entered which struck "the Petition of the City of Rolling Meadows to vacate the Order of December 14, 1965," finding (1) that the petition for annexation was filed on November 15, 1965, and the hearing was duly set for December 14, 1965; (2) that the time for filing objections to the petition for annexation expired December 9, 1965; and (3) that no objections were filed, and on December 14, 1965, an order was entered "finding all requirements of the statute to have been fulfilled, and submitting the question of annexation of the territory described in the Petition to the corporate authorities of the Village of Palatine."

On January 6, 1966, the court denied Josephine West, Donald A. West, Victor A. Zielinski and Marcella D. Zielinski leave to file their verified petition in the proceedings. The petition alleged that the petitioners were

the sole owners of record and all of the electors residing on "the East Half of Lot 1 in Block 38" and "Lots 1 and 2 in Block 39" in "Arthur T. McIntosh & Co.'s Palatine Estates, Unit #3 . . . ," and that the property described was included in the petition for annexation; that the order of December 14, 1965, was a nullity "in that this Court was and is without jurisdiction to enter such an order, in that the property legally described in paragraph 1 of this petition was and is within the corporate limits of the City of Rolling Meadows . . ."; that the described property was the subject matter of the City of Rolling Meadows' ordinances No. 335 (adopted September 28, 1965) and No. 339 (adopted November 23, 1965); that the court was without jurisdiction to entertain the petition for annexation for the reason "that voluntary verified written petitions by all the owners of record and all the electors residing on the territory above described have been filed with the City Clerk of the City of Rolling Meadows, on September 28, 1965, which said Petitions have never been withdrawn and which formed the basis for the passage by the City of Rolling Meadows of the aforementioned ordinance of annexation"; that the petitioners desire that the territory described in their petition remain within the corporate limits of the City of Rolling Meadows, and they had not consented to the annexation proceedings.

Petitioners West and Zielinski further alleged facts to show that the petition for annexation was not filed in good faith and the proceedings were conducted in bad faith and under circumstances "tantamount to fraud upon this Court." Petitioners also maintain that the annexation petition failed to state the "necessary jurisdictional allegations as set forth in Illinois Revised Statutes, Chapter 24, Article 7–1–1 that the territory sought to be annexed is contiguous to the Village of Palatine and is not located within the corporate limits of any other

10

municipality"; that the order of December 14, 1965, "does not find that all or any part of the territory sought to be annexed is not within the corporate limits of any other municipality, thereby rendering the said order void on its face for lack of jurisdiction." The petition prayed that the annexation order of December 14, 1965, be vacated and set aside, and the annexation petition be dismissed or, in the alternative, the order of December 14, 1965, be vacated "insofar as it affects the lands and territories owned by the undersigned and described in paragraph 1 of this petition."

The City of Rolling Meadows and petitioners West and Zielinski appeal from the orders entered on December 14, 1965, December 27, 1965, and January 6, 1966. On appeal their theory is: 1. A prior petition for annexation of the same territory to the City of Rolling Meadows vested exclusive jurisdiction to annex that territory in the City of Rolling Meadows. 2. The petition for annexation and the order of December 14, 1965, fail to state the necessary statutory requirement that the territory sought to be annexed is not within any other municipality. 3. The original petitioners herein conducted the proceedings in a manner tantamount to fraud upon the court.

It is the theory of the annexation petitioners (appellees) that the orders were proper, and "if objectors-appellants have a remedy, it is by quo warranto and that their petitions are insufficient to overcome the clear provisions of the annexation statutes pertaining to the time for filing of objections."

As the record affirmatively shows that the court struck the petition of Rolling Meadows and denied leave to file the petition of the Wests and Zielinskis on the theory that they were not presented within the statutory period for the filing of objections, the determinative question is whether the merits of the petitions of the

objectors should have been considered by the court, even though not filed within the statutory time fixed for the filing of objections. Ill Rev Stats, c 24, § 7–1–3.

Initially, we consider the contentions of appellants that the trial court had no jurisdiction to entertain the annexation petition or to enter the order submitting the question of the annexation to the corporate authorities of Palatine, because the annexation petition failed to allege that the property sought to be annexed was "contiguous" and "not within the corporate limits of any municipality."

Authorities cited in support of the foregoing contention include People ex rel. DuPage County v. Lowe, 67 Ill App2d 369, 214 NE2d 593 (1966), where the court said (p 373):

> "The role of the court in a proceeding of this nature is administrative. In establishing a municipal corporation the County Court derives its jurisdiction from the statute alone. No presumption arises to support its action in any particular. The conditions of the statute authorizing the creation of the municipal corporation must be complied with in the manner prescribed by statute, else the court is without jurisdiction."

Also cited is In re Petition to Annex Certain Unincorporated Territory to Village of Arlington Heights, 65 Ill App2d 152, 212 NE2d 507 (1965) (Abst.), where the court said:

> "The finding by the court that it has jurisdiction and that the statute had been complied with is not conclusive, and where the record shows that the county court did not have jurisdiction of the subject matter . . . its attempted judgment or order is a nullity. . . . [T]he statute must be implicitly

12

followed in order to confer jurisdiction upon the court in an annexation proceeding."

■ We agree with appellants that the annexation petition was defective in that it did not allege that the subject territory was "contiguous" to Palatine and "not within the corporate limits of any municipality," and on objection, timely filed, the annexation petition would have been subject to motion to dismiss because substantially insufficient in law. However, we believe the petition did contain such information as reasonably informed persons interested in the nature of the claim. The findings of the order of December 14, 1965, meet the statutory requirements for submission of the question of annexation to the corporate authorities of Palatine. This was sufficient in this case, where the two missing and basic allegations might be said to appear in the annexation petition by reasonable implication. See Parrino v. Landon, 8 Ill2d 468, 475, 134 NE2d 311 (1956); Brandeis Machinery & Supply Co. v. C. A. McNeely General Contracting & Equipment Co., 18 Ill App2d 396, 398, 152 NE2d 890 (1958).

We consider next appellees' contention that appellants-objectors may not file objections after the statutory period, and their remedy, if any, is by quo warranto. Appellees assert the precise question raised in the case was resolved in In the Matter of a Petition to Annex Certain Territory to Village of Mettawa, 33 Ill App2d 38, 178 NE2d 895 (1961), where the court affirmed the striking of objections filed after the original hearing date, and said (p 46): "An orderly procedure has been outlined by the General Assembly and the meaning of the statute is clear." Cases also cited to show that would-be objectors can pursue the remedy only by quo warranto include City of Countryside v. Village of La Grange, 24 Ill2d 163, 180 NE2d 488 (1962); People ex rel. Village of Worth v. Ihde, 23 Ill2d 63, 177 NE2d

13

313 (1961) ; and People ex rel. Saam v. Village of Green Oaks, 55 Ill App2d 51, 204 NE2d 149 (1965).

■ ■ We are not persuaded that a quo warranto proceeding is the only remedy here. The petitions of both prospective objectors contain allegations of facts and reasons which, in substance, show that the annexation petition was not timely filed in the Circuit Court, and also was accomplished in such a manner as to deprive both the City of Rolling Meadows and the Wests and Zielinskis of the notice contemplated by the statute and an indirect attempt calculated to establish and accomplish an end contrary to the spirit of the statute and prevent the due administration of justice. In sum, the petition of the prospective objectors suggests fraud and an abuse of the process of the Circuit Court, and as was said in a similar case, where objections were allowed to be filed after the original hearing date, In re Petition to Annex Certain Territory to Village of Willowbrook, 37 Ill App 2d 393, 185 NE2d 696 (1962) (p 402) :

"It is axiomatic that fraud vitiates everything. Lack of jurisdiction over the subject matter can be raised at any time, even after judgment, and it is not waived by failure to object in proper time."

We think, upon proper evidence, the court could find either that the notice was void as to the prospective objectors and their lands or that the voluntary petition filed with the City of Rolling Meadows, requesting annexation to the city, preempted the right to annex the territory described therein, and no subsequent annexation proceedings could have been completed in the Circuit Court which affected any part of the territory described, without a determination by the court as to the validity of the original Rolling Meadows' proceedings and ordinances.

■ In the instant case, the City of Rolling Meadows and Josephine West, et al., had presented their petitions

14

to object to the annexation within seven days and twenty-three days respectively, of the date of the entry of the order submitting the question of annexation to the corporate authorities of the Village of Palatine. Therefore, it is apparent that appellants acted with due diligence and without delay after becoming aware of the annexation proceedings. Therefore, we conclude that the trial court should have permitted the filing of the petitions of the objectors and held a hearing on the merits of the petitions to determine whether the order of December 14, 1965, should be vacated and set aside as to the property of the Wests and Zielinskis.

For the reasons given, the orders of the Circuit Court of Cook County of December 27, 1965, and of January 6, 1966, are reversed, and the cause is remanded to the Circuit Court of Cook County for further proceedings in accordance with the views expressed herein.

Reversed in part and remanded with directions.

BURMAN and LYONS, JJ., concur.