WOODED SHORES PROPERTY OWNERS ASSOCIATION, INC., Plaintiff-Appellant, *v.* THOMAS P. MATHEWS *et al.*, Defendants-Appellees.

Second District    No. 79-641

Opinion filed October 15, 1980.

Charles W. Siragusa, Frank A. Karaba, and Edward W. Barrett, all of Crowley, Barrett & Karaba, of Chicago, for appellant.

Vette E. Kell, of Kell, Conerty & Poehlmann, of Woodstock, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The plaintiff, Wooded Shores Property Owners Association, Inc., has appealed a judgment which declared that a tax deed held by defendant, Thomas P. Mathews, is not void for uncertainty and indefiniteness.

This cause is before this court for the second time. The plaintiff brought this action seeking to have itself declared the legal owner of, or, alternatively, the beneficial owner or holder of an exclusive easement on

property located in and adjacent to a subdivision known as Wooded Shores. The trial court granted defendants' motion to dismiss the amended complaint for failure to state a cause of action.

On the first appeal, this court determined that count IV of plaintiff's amended complaint properly stated a cause of action to collaterally attack the tax deed to the property. Count IV alleged that the legal description of the property in both the order for the tax sale and the tax deed itself is uncertain and indefinite and, therefore, the deed and sale may be void for uncertainty. The tax deed read:

"(Except Wooded Shores Plat) Pt North 1/2 Southwest 1/4 & South 1/2 Southwest 1/4 Section 18—45—8 (13.05 Acres) DR 272, PG 407, McHenry Township, McHenry County, Illinois."

This court was unable to determine if the description was uncertain and indefinite as the document located on page 407 of volume 272 of the Deed Record of McHenry County was not included in the common law record. Therefore, the trial court was directed to enter an order reinstating this portion of the amended complaint and to hold a hearing on that issue. See *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186.

On remand, Mr. Donald Perry, a registered land surveyor testifying for the plaintiff, stated that the description in the tax deed, in and of itself, was not sufficient to locate the property in question. He also testified that the addition of the quitclaim deed referenced in the tax deed at page 407 of volume 272 of the McHenry County Deed Record would not aid in locating the property. On the other hand, Mr. Neil Lee, a registered land surveyor who testified for the defendants, stated that he was able to locate the property using the description in the tax deed in conjunction with the various descriptions of property listed in the quitclaim deed through a process of elimination type analysis. Mr. Lee also utilized a copy of the McHenry County assessor's map of the southwest quarter of section 18—45—8 in locating the property.

The trial court found for the defendants, concluding that the legal description in the tax deed can be located and determined by referring to the plat of Wooded Shores and Deed Record 272 at page 407.

Plaintiff's primary contention is that the tax deed is fatally ambiguous and therefore void for uncertainty and indefiniteness. Plaintiff also argues that the trial court erred in admitting the McHenry County assessor's map of the southwest quarter of section 18—45—8 into evidence.

In analyzing the tax deed we recognize that:

"The purpose of a description of land contained in a deed of conveyance being to identify the subject matter of the grant, a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the descrip-

tion, aided by extrinsic evidence, what property it is intended to convey. [Citations.] Any description by which a parcel of property may be identified by a competent surveyor with reasonable certainty is sufficient. [Citations.]" *Brunotte v. DeWitt* (1935), 360 Ill. 518, 528, 196 N.E. 489; see also *Patterson v. McClenathan* (1921), 296 Ill. 475, 129 N.E. 767; *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 384 N.E.2d 512.

In the instant case, plaintiff's expert witness testified that he was unable to ascertain the location of the property from the description provided in the tax deed. In contrast, defendants' expert witness testified that the combination of the tax deed and the quitclaim deed incorporated by reference therein enabled him to ascertain the location of the property in question. In the case of disagreement between two witnesses giving expert opinions, the preponderance of the testimony is a matter to be determined by the trier of fact. The weight given to expert testimony is for the trier of fact who is not required to give it controlling influence. (*Trauscht v. Gunkel* (1978), 58 Ill. App. 3d 509, 374 N.E.2d 843.) Here, the trial court weighed the evidence and concluded that the property in question could be located by a registered land surveyor and, therefore, the tax deed was not void for indefiniteness.

Plaintiff contends that the tax deed specifically referred to a 13.05-acre quantity of land, whereas defendants' expert testified that the area of the land which he was able to locate was between 12 and 16 acres, although he had not "multiplied it out." While every word and phrase in a deed is to be given a meaning if possible (*Department of Public Works & Buildings v. Klinefelter* (1970), 119 Ill. App. 2d 50, 255 N.E.2d 81), it is also true that quantity descriptions in a deed are not conclusive and are considered to be the least reliable of the calls in a deed. *Texas Eastern Transmission Corp. v. McCrate* (1979), 76 Ill. App. 3d 828, 395 N.E.2d 624.

Here, plaintiff's own expert testified that the quantity mentioned would be helpful but not totally descriptive. Defendants' expert testified that the acreage would be helpful but not controlling. He stated that, in his experience, much of the acreage calculated by the assessor's office is not entirely accurate. In light of this evidence, the trial court apparently chose to disregard the 13.05 figure.

Plaintiff also objects to the admission into evidence of defendants' exhibit No. 2, which is a copy of the McHenry County Assessor's map of the southwest quarter of section 18—45—8. We note that plaintiff did not object to the admission of defendants' exhibit No. 1, which is a duplicate of exhibit No. 2 with the exception of some red pencil markings, and we conclude that plaintiff was not prejudiced by admission of an exhibit which was the same as an exhibit to which plaintiff did not object.

■■ Plaintiff does not argue that defendants' expert could not use the map to locate the southwest quarter of section 18—45—8. Moreover, the map, which was undoubtedly admissible as a public record, was used by Mr. Lee for his own benefit, merely as a diagram or sketch of the property area at issue. The same boundaries depicted in this map were substantially reproduced in exhibits tendered by the plaintiff. Plaintiff's objection appears to be that the assessor made several references on the map to the property which he believed to be included in the tax deed at issue. However, no evidence was introduced to show the significance of the assessor's notations and, in any event, it does not appear from the record that either the court or Mr. Lee placed any reliance on the notations. In fact the trial court, in its judgment order, referred to the plat of Wooded Shores rather than the assessor's map in discussing the aids utilized in locating the property. This plat, incorporated by reference into the quitclaim deed, was properly utilized in ascertaining the boundaries of the property. (*South Parkway Building Corp. v. South Center Department Store, Inc.* (1958), 19 Ill. App. 2d 14, 153 N.E.2d 291.) Therefore, if any error was committed in admitting the assessor's map into evidence, such error did not prejudice plaintiff.

■■ It has long been the law in Illinois that a deed is void for uncertainty if, after taking oral evidence, it cannot be determined what land was intended to be conveyed (*Williams v. Warren* (1859), 21 Ill. 541), and that where a competent surveyor can, by use of the deed description and extrinsic evidence, identify the property to be conveyed, then the description is sufficient. (*Smiley v. Fries* (1882), 104 Ill. 416.) In the present case, defendants' surveyor, after considering extrinsic evidence, was able to identify the land to be conveyed. It was therefore not against the manifest weight of the evidence for the trial court to conclude that the deed was not void for uncertainty and indefiniteness.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.