THE PEOPLE *ex rel.* JACK O'MALLEY, State's Attorney of Cook County, Plaintiff-Appellee, v. THE VILLAGE OF FORD HEIGHTS *et al.*, Defendants-Appellees (Alma Paarlberg, Petitioner-Appellant).

First District (4th Division)    No. 1—93—0970

Opinion filed April 7, 1994.—Rehearing denied May 4, 1994.

Russell T. Paarlberg and John R. Russell, both of Van Der Aa, Lanting & Paarlberg, Ltd., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, Patricia M. Moser, and Jayman A. Avery III, Assistant State's Attorneys, of counsel), for appellees People *ex rel.* O'Malley.

Vincent Cainkar, of Louis F. Cainkar, Ltd., of Burbank, for other appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

We are asked in this appeal to consider the issues properly before the trial court in a *quo warranto* action after a local government has annexed property without objection. Here a resident of the annexed

territory, Alma Paarlberg, filed a petition to intervene in a *quo warranto* action brought by the State's Attorney on behalf of Cook County against the Village of Ford Heights. She filed a five-count complaint in *quo warranto* with the petition. Two of the counts in her complaint attacked the validity of an earlier court order that authorized the Village to proceed with the annexation, and three counts addressed issues raised by the State's Attorney in his *quo warranto* complaint. By the time the trial court heard the petition, the Village and the State's Attorney had reached an agreement to dismiss the *quo warranto* action. The trial court determined that two of Paarlberg's counts were barred by the earlier annexation proceeding and the three remaining counts were moot as a result of the terms of the settlement between the State's Attorney and the Village. The court denied the petition to intervene, and Paarlberg appealed. We affirm.

A group of landowners filed a petition in Cook County circuit court in 1991 to annex unincorporated territory to the Village of Ford Heights under the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—1 *et seq.*). Section 7—1—2 of the Code allows a majority of landowners and a majority of electors who reside in a territory to file a petition in the circuit court for annexation to an adjacent municipality. Notice of the petition is published and a date set for a hearing. If the court finds the petition complies with the requirements of the Code, it refers the question of annexation to the corporate authorities of the municipality. Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.

The defendant landowners alleged in their petition that they were a majority of landowners and electors residing in the territory to be annexed. They attached a legal description of the territory as an exhibit. Alma Paarlberg, also a landowner in the territory, did not sign the petition. Notice of the annexation petition with a legal description of the territory was published in a Chicago daily newspaper. No objections were filed. On October 24, 1991, the court found that the petition conformed to article 7 of the Municipal Code and ordered the question submitted to the corporate authorities of the Village. On November 20, 1991, the corporate authorities adopted an ordinance annexing the territory. The landowners then entered into an annexation agreement with the Village. On December 4, 1991, the corporate authorities adopted another ordinance approving the annexation agreement.

On May 7, 1992, the Cook County State's Attorney filed a complaint in *quo warranto* challenging the annexation and a clause in the annexation agreement that purported to exempt the territory from the environmental ordinances of Cook County. The court allowed the landowners to intervene as defendants.

On September 10, 1992, Paarlberg filed a petition to intervene as a plaintiff. Meanwhile, the State's Attorney and the defendants were negotiating a settlement.

On September 23, 1992, the court entered an agreed order dismissing the case with prejudice after the State's Attorney, the Village, and intervening defendants stipulated to a change in the annexation agreement that restored the environmental regulatory power of Cook County. Paarlberg's petition remained pending.

On February 16, 1993, the court, after argument, denied Paarlberg's petition to intervene and found no just cause to delay enforcement or appeal of its order.

Paarlberg argues that the trial court abused its discretion when it denied her petition to intervene.

■ Paarlberg requested leave to intervene as of right under section 2—408 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—408). She alleged she owned property annexed by the Village of Ford Heights and had an interest in the cause of action.

Under section 2—408(e), "[a] person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file." (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(e).) Paarlberg did this, characterizing her complaint, as had the State's Attorney, as one in *quo warranto*. *Quo warranto*, once a common law writ issued out of chancery on behalf of the king to prevent officials from exercising a power beyond the scope of their office, is now a statutory remedy (Ill. Rev. Stat. 1991, ch. 110, par. 18—101), but the thrust of the action retains its common law purpose. Here the State's Attorney, on behalf of Cook County, questioned the power of the Village to exempt property it had annexed from county environmental regulations. He also raised two issues that attacked the underlying annexation petition, but these were abandoned in the settlement agreement. Paarlberg's complaint mirrored that of the State's Attorney, but she pressed the argument raised by the State's Attorney in the abandoned counts.

In count I Paarlberg alleged the legal description of the annexed territory was defective. In count II she alleged a majority of landowners did not sign the annexation petition. These counts did not address a power beyond the scope of the Village authority, but attacked the validity of the underlying order that enabled the Village to annex the territory. That order was entered on October 24, 1991, after the court ruled the annexation petition was valid. The order was final and appealable. Ill. Rev. Stat. 1989, ch. 24, par. 7—1—4.

Although *quo warranto* is the proper action to challenge annexation of territory by a municipal corporation (*Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 246 N.E.2d 294; *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806), it is not the proper action to·challenge findings made in an earlier action after a hearing on a petition for annexation. Counts I and II of Paarlberg's complaint would have been proper challenges to the validity of the annexation petition in the proceeding that led to the court's order of October 24, 1991. (See *In re Petition to Annex Certain Real Estate to City of Joliet* (1991), 144 Ill. 2d 284, 579 N.E.2d 848; *In re Annexation of Territory to Village of Palatine* (1967), 84 Ill. App. 2d 6, 228 N.E.2d 117; *In re Petition to Annex to Village of Willowbrook* (1962), 37 Ill. App. 2d 393, 185 N.E.2d 696.) But to allow them here would amount to *de novo* review of findings in a collateral proceeding. *People ex rel. Town of Richwoods v. City of Peoria* (1967), 80 Ill. App. 2d 359, 225 N.E.2d 48.

Paarlberg cites *In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 530 N.E.2d 491, to support her argument that *quo warranto* is the only action available once an annexation is complete. We recognize that *Kildeer* stated "the proper action for challenging a *completed* annexation is *quo warranto*." (Emphasis in original.) (*Kildeer*, 124 Ill. 2d at 543, 530 N.E.2d at 496.) We do not read this statement to mean that a party can file a complaint in *quo warranto* and raise issues that collaterally attack an earlier final and appealable order. See *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 438 N.E.2d 574 (consolidated appeal from the order annexing territory and the order denying objections to annexation petition); see also *In re Petition to Annex to Village of Willowbrook*, 37 Ill. App. 2d 393, 185 N.E.2d 696 (appeal from annexation petition held not moot upon completion of annexation).

■ We reject as well Paarlberg's argument that she should be allowed to attack the October 24, 1991, order in a *quo warranto* action on the grounds that the earlier order is void. She argues that the legal description attached to the October 24, 1991, order is "void for uncertainty, and 'materially defective,' " so the order relying on it must also be void.

An order is void if a court lacks jurisdiction over the subject matter or the parties, or lacks the inherent power to enter the order. The legislature vested the trial court with jurisdiction to determine whether the legal description of territory sought to be annexed is materially defective. (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—4.) Al-

though a deed which contains a legal description is void for uncertainty, a court order that a legal description is correct will not be reversed unless it is against the manifest weight of the evidence. (*Wooded Shores Property Owners Association, Inc. v. Mathews* (1980), 89 Ill. App. 3d 187, 411 N.E.2d 1206.) The court had jurisdiction here to determine the validity of the annexation petition, and so the order itself is not void, whatever the defects contained in the underlying materials upon which the court relied. (See *Annexation of Territory to Village of Palatine*, 84 Ill. App. 2d at 12-13, 228 N.E.2d at 121.) In *Palatine* the trial court found the annexation petition to be in proper form and ordered the question of annexation to be submitted to the corporate authorities. In fact, the petition was not in proper form, because it failed to allege that the property was contiguous. Nonetheless the appellate court upheld the validity of the order because the findings by the trial court met the statutory requirements for submission of the question of annexation to the corporate authorities. *Annexation of Territory to Village of Palatine*, 84 Ill. App. 2d at 13, 228 N.E.2d at 121.

Here no appeal was filed within 30 days of the final order entered on October 24, 1991. Paarlberg's remedy for alleged errors in the annexation petition was a petition to vacate under section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401).

■ Finally, we address the allegations in counts III, IV, and V of Paarlberg's complaint in *quo warranto*. Paarlberg alleged in those counts that paragraph 22 of the annexation agreement was invalid because it excluded the annexed territory from regulation by Cook County. When the State's Attorney, the Village, and intervening defendants modified the annexation agreement, they deleted the language in paragraph 22 which excluded the annexed territory from regulation by Cook County, and so provided the relief Paarlberg sought in counts III, IV, and V. The trial court was correct to dismiss them as moot.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.