THE PEOPLE *ex rel.* SLAVKO BRZICA *et al.*, Plaintiffs-Appellants, v. THE
VILLAGE OF LAKE BARRINGTON, Defendant-Appellee.

Second District   No. 2—94—0038

Opinion filed December 15, 1994.

Howard R. Teegen, of Soffietti, Johnson, Teegen & Phillips, Ltd., of Fox Lake, for appellants.

James P. Bateman, of Barrington, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiffs, Slavko and Mary Brzica, appeal from the circuit court's order of December 7, 1993, granting the motion of defendant, the Village of Lake Barrington, to dismiss their petition for leave to file a *quo warranto* complaint. Plaintiffs' petition sought to have the defendant's annexation of certain property declared null or void because the underlying petition filed during the annexation proceeding (case No. 92—MC—12) was not signed by the requisite majority of owners of the territory in question contrary to the statutory requirements of the Illinois Municipal Code (Code) (65 ILCS 5/7—1—2 (West 1992)). The petition for leave to file a complaint *quo warranto* was filed on October 6, 1993, within the one-year limitations period after the annexation was completed by an ordinance adopted October 6, 1993. (See 65 ILCS 5/7—1—46 (West 1992).) Notice of the *quo warranto* proceeding was given to the State (which is not an active party to the action or appeal).

In granting defendant's motion, the trial court found that the court in the annexation proceeding (annexation court) had jurisdiction to enter the order approving the annexation petition and that any challenge to that order should have been by direct appeal. Relying on *People ex rel. Town of Richwoods v. City of Peoria* (1967), 80 Ill. App. 2d 359, the trial court concluded that the *quo warranto* remedy was unavailable to plaintiffs. Plaintiffs, who were not parties in case No. 92—MC—12, maintain that *quo warranto* is the proper method to challenge the validity of the completed annexation and to

contest thereby the annexation court's jurisdiction or authority to enter its order on the annexation petition. We reverse and remand for further proceedings.

Defendant argues here, as it did below, that *quo warranto* was not an available remedy to attack the validity of an annexation ordinance premised on a prior court order finding the annexation petition valid because, as *Richwoods* concluded, a judicially sanctioned annexation differs from an annexation instituted purely by the legislative action of a municipality. (See *Richwoods*, 80 Ill. App. 2d 359; accord *People ex rel. O'Malley v. Village of Ford Heights* (1994), 261 Ill. App. 3d 571, 574 (citing *Richwoods* without detailed analysis, court determined *quo warranto* proceeding would amount to impermissible *de novo* review of findings in collateral proceeding).) According to defendant, the only appropriate remedy in the present case would have been a direct appeal of the underlying order of the court which authorized the annexation. Plaintiffs argue that our supreme court's decision in *People ex rel. Jordan Co. v. Village of Forest View* (1961), 21 Ill. 2d 384, is controlling. The *Jordan* court determined that the statutory requirements of a petition are jurisdictional and that the lack of jurisdiction on the part of the "county" court can be asserted in a *quo warranto* proceeding. (*Jordan*, 21 Ill. 2d at 390.) In the present case, the trial court found that, because the jurisdiction of "county" courts prior to 1964 was more limited when *Jordan* was decided in 1961 than that of "circuit" courts today, the statutory requirements for petitions no longer limit the subject-matter jurisdiction of the courts, and *Jordan* was therefore inapplicable. After examining these and other authorities, we disagree with this reasoning and the resulting foreclosure of any possible *quo warranto* remedy for plaintiffs.

■ The principle that statutory subject-matter jurisdiction may arise from statutory conditions precedent to a court's exercise of its power, we believe, is still alive and well in Illinois even though circuit courts derive their plenary power to adjudicate "justiciable matters" from the constitution generally. (Ill. Const. 1970, art. VI, § 9.) Though the legislature has no power to limit a court's constitutional jurisdiction to hear a matter, an exception exists when the legislature creates a statutory right having no counterpart in common law or equity. In such a case, the legislature is not limiting or precluding the court's jurisdiction, but is merely defining the justiciable matter it has created so that certain facts must exist before a court can act in a particular case (*Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 219), or grant the relief requested (*People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill.

App. 3d 517, 521). One court has explained that, when a court is acting pursuant to present-day statutory subject-matter "jurisdiction," it does so because the legislature may impose by statute certain conditions precedent to the exercise of jurisdiction and these conditions precedent cannot be waived. *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 1137-38.

█ Jurisdiction in a particular case involves not only the power to hear and determine a given case but also the power to grant the particular relief requested, and every act of the court beyond its jurisdiction is void. (*J.L. Simmons Co. v. Capital Development Board* (1981), 98 Ill. App. 3d 445, 446.) Thus, even if a court is one of general jurisdiction, when its power to act in a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction, and defects in subject-matter jurisdiction cannot be waived. (*Arlington Park*, 122 Ill. App. 3d at 521.) In exercising jurisdiction over matters made justiciable by statute and having no counterpart in common law or equity, courts must proceed within the strictures of the statute and cannot exceed their statutory authority. (*In re M.M.* (1993), 156 Ill. 2d 53, 64-66.) The requirements for the court's statutory subject-matter jurisdiction must be strictly complied with and must affirmatively appear in the record. *Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 302.

█ The right of annexation by a municipality did not exist at common law (*Scheuer v. Johns-Manville Products Corp.* (1946), 330 Ill. App. 250, 260), and, because the right is a creature of statute, there can be no justification for annexation absent statutory authority (*People ex rel. City of North Chicago v. City of Waukegan* (1983), 116 Ill. App. 3d 88, 93). As it did in 1961 when *Jordan* was decided, a section 7—1—2 petition has to meet certain statutory jurisdictional requirements in order for the court to act and grant the requested relief, including that the petition be signed by a majority of the owners of record of land in the territory and also by a majority of the electors, if any, residing in the territory. (*Jordan*, 21 Ill. 2d at 385; *In re Petition to Annex Certain Property to the City of Wood Dale* (1993), 244 Ill. App. 3d 820, 833-34; 65 ILCS 5/7—1—2 (West 1992).) If, in fact, the petition does not satisfy all of the statutory jurisdictional requirements, then the petition may be declared invalid or void as the court would not have had the authority to act. (*People ex rel. Lange v. Old Portage Park District* (1934), 356 Ill. 340, 343-46 (deficient signatures on petition in court-approved annexation challenged by *quo warranto*; burden of justification was on defendant); accord *People ex rel. Curtin v. Heizer* (1967), 36 Ill. 2d 438, 441 (collateral attack upon proceedings of county court purporting to

establish fire district permissible to reach jurisdictional defect in petition); *People ex rel. Mills v. Fairfield Community High School District No. 225* (1947), 397 Ill. 233 (in annexation case, where record of court proceedings showed court did not have jurisdiction of subject matter because of defective petition, attempted judgment was a nullity that could be challenged by *quo warranto* despite court's finding that it had jurisdiction); see *City of Wood Dale*, 244 Ill. App. 3d at 834-36 (holding that deficient jurisdictional facts (insufficient number of valid signatures) in petition will not confer subject-matter jurisdiction for court to act); *People ex rel. Village of Long Grove v. Village of Buffalo Grove* (1987), 160 Ill. App. 3d 455, 461.) In a statutory proceeding, if the prescribed conditions are not, in fact, met, the court has no power to confer jurisdiction on itself by making a finding purporting to show that they were met; a recital of jurisdictional facts will not in itself render a judgment conclusive, and jurisdictional facts and findings can be inquired into and proved through a *quo warranto* proceeding. *People ex rel. Goldsbery v. Zoller* (1929), 337 Ill. 362, 365 (petition to organize drainage district).

■ It is well settled that jurisdictional defects can be raised anytime in purely statutory proceedings of this type, even where an objector did not timely object before the entry of judgment. (*In re Carol Stream Fire Protection District* (1977), 47 Ill. App. 3d 158, 168; *In re Annexation of Territory to the Village of Palatine* (1967), 84 Ill. App. 2d 6, 14-15.) A void order, that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided the party is properly before the court. *Evans*, 207 Ill. App. 3d at 301-02; see also *In re Annexation to the City of Prospect Heights* (1982), 111 Ill. App. 3d 541 (even where *quo warranto* does not lie because of incomplete annexation, municipal annexation may be attacked for voidness and ordinance is subject to direct or collateral attack whenever its authority is invoked in a judicial proceeding).

■ *Quo warranto* is an extraordinary proceeding, prerogative in nature, addressed to preventing a continued exercise of authority unlawfully asserted which may be initiated by a citizen who shows the requisite invasion of a personal interest in the matter; the court in its discretion considers a number of factors when deciding whether to grant leave to file such a complaint. (*People ex rel. Village of Long Grove v. Village of Buffalo Grove* (1987), 162 Ill. App. 3d 340, 345, 350; 735 ILCS 5/18—101 *et seq.* (West 1992).) It is used to call upon the defendant to answer by what authority he acts. (*City of High-*

*wood v. Obenberger* (1992), 238 Ill. App. 3d 1066, 1079.) It is the burden of defendant to justify his actions and show the facts necessary to the exercise of authority (*Old Portage Park District*, 356 Ill. at 342-43), including defendant's performance of all of the conditions precedent to the exercise of the right asserted (see *People ex rel. Moran v. Teolis* (1960), 20 Ill. 2d 95 (in *quo warranto* challenge of court-sanctioned municipal incorporation and election, conditions of statute authorizing creation of municipal corporation must be complied with in manner prescribed by statute else court is without jurisdiction).

*Quo warranto* is the only means of challenging a *completed* annexation of territory by a municipality. (*In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 543.) The only question to be determined is the jurisdiction or authority for the action being challenged; this includes the exercise of jurisdiction by the court. (*Jordan*, 21 Ill. 2d at 389-90; *People ex rel. First National Bank v. City of North Chicago* (1987), 158 Ill. App. 3d 85, 104.) Other questions are to be determined by direct appeal. (*Heizer*, 36 Ill. 2d at 441-42; see *People ex rel. Cash v. Wells* (1920), 291 Ill. 584, 586.) In a *quo warranto* proceeding, the inquiry is broad and facts may be inquired into whether of record or not, and the truth, fraudulence, or falsity of the record can be tried. *People ex rel. Slusser v. Gary* (1902), 196 Ill. 310, 327.

■ If a judgment sanctioning annexation has been entered because of fraud or lack of proper notice, or if, in fact, the court did not have before it a petition meeting the statutory subject-matter requirements, how else could a plaintiff properly challenge the order and subsequent annexation if not by proceeding in *quo warranto*? Our review of the above authorities, as well as the history and uses of *quo warranto*, persuades us that the trial court erred in finding that the only remedy for plaintiffs' challenge to the validity of the annexation was by direct appeal and that *quo warranto* was not an available remedy. Plaintiffs were not parties to the original annexation proceeding. Since *quo warranto* is the exclusive remedy to challenge the validity of a completed municipal annexation and it is a limited remedy, plaintiffs should not be completely foreclosed from this remedy merely because they were not objectors in the original proceeding. A void judgment may be attacked at any time by proper application to the court, and due diligence in resisting the entry of such a judgment is not ordinarily a prerequisite. (*Evans*, 207 Ill. App. 3d at 301.) We note too that, even though it inquires into "jurisdictional" conditions precedent, the *quo warranto* remedy is time limited in annexation cases (65 ILCS 5/7—1—46 (West 1992)), is subject to

defenses such as *laches* or acquiescence, and is subject to the discretion of the courts which consider the public interest, among other factors (see, *e.g., Jordan*, 21 Ill. 2d at 390-91; *Buffalo Grove*, 162 Ill. App. 3d at 350).

As defendant has pointed out, the *Richwoods* decision determined that a proceeding in *quo warranto* must not be used to collaterally attack a judicial determination where there was a means of direct review, but it should be limited to a direct attack upon the validity of a municipal annexation based solely on legislative action such as by the passing of an ordinance. (*Richwoods*, 80 Ill. App. 2d at 363-66.) However, we decline to follow the *Richwoods* limitation and *O'Malley* (261 Ill. App. 3d 571) to the extent that it follows *Richwoods* on this point. A close examination of the authority relied on in *Richwoods, People ex rel. Cash v. Wells* (1920), 291 Ill. 584, shows that it does not stand for the precise proposition expounded in *Richwoods*. Instead, the *Cash* court noted that the only question that could be considered in *quo warranto* under the circumstances was whether the county court had jurisdiction of the parties and of the subject matter (the organization of a drainage district). If the county court had such jurisdiction, the judgment entered could not be reviewed except by appeal. The *Richwoods* court was undoubtedly concerned with the finality of judgments and sought to avoid *de novo* review of an underlying judgment by means of a "collateral" *quo warranto* proceeding. Nevertheless, the limitation *Richwoods* placed on the use of the *quo warranto* remedy to challenge a judicially sanctioned annexation appears to have no clear precedential genesis. Even *Richwoods* conceded that "there may be some instances where quo warranto would be considered an appropriate means for reviewing a judicial determination, or the results of an election." (*Richwoods*, 80 Ill. App. 2d at 366.) We believe *Richwoods* conflicts with established rule as exemplified in *Jordan* (21 Ill. 2d 384 (and authorities cited therein)): that the lack of jurisdiction of the trial court in an annexation case can be asserted in a *quo warranto* proceeding. We find *Jordan* dispositive here.

Defendant has not provided us with a compelling reason to differentiate between an attack on the jurisdictional basis of a purely legislative annexation and an attack on the jurisdictional basis of a court-sanctioned annexation. The fact that a judgment in an annexation case is final and appealable should not serve to vitiate the well-established rule that a void judgment may be attacked directly or collaterally in any court at any time so long as the party is properly before the court. That rule allows courts to protect their integrity, to guard against fraud, and to prevent or correct the entry of judgments

made, in fact, without authority. Courts must have sufficient means to protect their process. We believe that the elimination of the *quo warranto* remedy, under the circumstances presented, would have the opposite effect. Finally, we also disagree with defendant's suggestion that jurisdictional defects can be collaterally challenged only if they clearly appear on the record.

For the foregoing reasons, we conclude that the trial court should have proceeded to consider on the merits plaintiffs' petition for leave to file a complaint *quo warranto*. It was error for the court to dismiss the petition on the authority of *Richwoods* as opposed to that of *Jordan*.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.